(Atlanta,
1. Service of Bill of Exceptions — Mailing.*—Service of the bill of exceptions by counsel for plaintiff in error, by mailing the same addressed to the attorneys of defendants, is insufficient. (R.)
2. Same — Authentication by Affidavit.'† — Where service of the bill of exceptions is perfected by counsel for plaintiff in error, such service must be authenticated by .an affidavit made by such attorney at the time of the service, and attached to the bill of exceptions. (R.)
Motion to dismiss writ of error. Practice in Supreme Court. Service. Before the Supreme Court. January Term, 1873.
*When the above case was called, counsel for defendants in error moved to dismiss the writ of error, upon the ground that the bill of exceptions had not been served as required by law. The only evidence of service was the following entry:
“I have this day served a copy of this' bill of exceptions on Messrs, Doyal & Nunnally, attorneys for defendants in error, by forwarding the same to them by due course of mail, addressed to them at Griffin, Georgia. This November 29th, 1872.
“Attorney for plaintiff in error.”
Counsel for plaintiff in error stated that Mr. Doyal, of the firm of Doyal & Nunnally, had admitted that he received the copy of the bill of exceptions forwarded. Upon this basis he moved to amend the entry by stating absolutely that counsel for defendants in error had been served. The Court refused to allow the amendment, and dismissed the writ of error.
Service of Bill of Exceptions — Mailing.—See Ency. Dig. Ga. Rep., vol. 5, p. 390.
Same — Time of Making Affidavit of Service. — The principal case is cited to the statement that “there are several reported rulings of this court to the effect that such an affidavit, to be sufficient, must be made at the time of the service.” Plummer v. Moore, 63 Ga. 626.