## PLUMMER *vs.* MOORE.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

An affidavit made not only after the bill of exceptions was filed, but after the time allowed by law for filing it had expired, is no evidence of service.

Service. Practice in the Supreme Court. September Term, 1879.

Reported in the opinion.

POWER & HAMMETT, for plaintiff in error.

GOBER & LESTER, for defendant.

BLECKLEY, Justice.

A motion was made to dismiss the writ of error for want of due evidence of service.

On the bill of exceptions is an affidavit by counsel for the plaintiff in error, dated March 7th, 1879, deposing to service upon the counsel for defendant in error, on February 24th, 1879. The bill of exceptions was signed and certified by the judge on the 15th, and filed below in the clerk's office on the 27th of February, 1879. It thus appears that the affidavit was not made within the ten days allowed by law for serving the bill of exceptions, nor even within the fifteen days allowed for filing it. There are several reported rulings of this court to the effect that such an affidavit, to be sufficient, must be made at the time of the service. 48 *Ga.*, 125; 50 *Ib.*, 90, 483. Without going to that extreme now, the present motion must prevail, for it cannot be doubted that when the time for filing the bill of exceptions has expired, it is too late to file an affidavit of service, or to indorse such an affidavit upon any document appertaining to the case. The clerk cannot properly

transmit anything to this court which is filed or created after that time. He should not have permitted an affidavit to be written upon the bill of exceptions at so late a day as March 7th. Indeed, he should have sent the original bill of exceptions here just as it was when he received it with the exception of the official authentication which the law requires him to superadd.

Writ of error dismissed.