## CROW v. THE STATE.

1. When there is no return or acknowledgment of service "indorsed upon or annexed to" a bill of exceptions, the writ of error will be dismissed.
2. Service of a bill of exceptions can not be shown in the Supreme Court by parol statements of counsel, or by producing detached writings purporting to evidence such service.

Argued July 16,—Decided August 7, 1900.

Motion to dismiss the writ of error.

*Mann & Terry*, for plaintiff in error.
*Samuel P. Maddox, solicitor-general,* contra.

LUMPKIN, P. J.   On the call of this case the solicitor-general moved to dismiss the writ of error, on the ground that there was no entry indorsed upon or annexed to the bill of exceptions showing service thereof.   An inspection of the bill of exceptions fails to disclose any evidence whatever that it was ever served upon the solicitor-general. We are accordingly constrained to hold that the motion to dismiss is well taken. Counsel for the plaintiff in error produced in this court a separate writing purporting to be an acknowledgment of service by the solicitor-general of the bill of exceptions in this case. In this connection it was stated that this writing had been received from the solicitor-general, filed in the office of the clerk of the trial court, and by him sent by mail to the clerk of this court. The solicitor-general admitted that the writing referred to had been signed by him. We can not, however, act upon these statements as proper evidence of service. The writing signed by the solicitor-general is no part of the bill of exceptions, and the clerk of the court below neither had authority to transmit it to this court as such, nor attempted to do so. The case of *Akerman* v. *Neel,* 70 *Ga.* 728, is directly in point on the question now presented. In that case it was held: " Proper service of the bill of exceptions must appear from an entry indorsed upon it or annexed thereto. When there is no entry whatever indorsed upon or attached to the bill of exceptions showing service, parol statements can not be heard in this court for the purpose of showing that service was perfected." See also cases cited. Counsel for the plaintiff in error insisted that the law as thus laid down had been modified by so much of the act of December 18, 1893, as is now embodied in the Civil Code, § 5569, which provides that: " It shall be unlawful for the Supreme Court of Georgia to dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real

questions in the case which the parties seek to have decided therein." Manifestly, failure to show in the lawful manner due service of a bill of exceptions is not a mere "want of *technical* conformity to the statutes or rules regulating the practice in carrying cases" to this court. Such failure amounts to no conformity at all with section 5547 of the Civil Code, which not only provides that there shall be proper service of a bill of exceptions, but also expressly declares that there shall be "a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions." That section further undertakes to deal specifically with the matter of dismissing cases for want of service, and provides merely that a bill of exceptions shall not be dismissed in the event "the party benefited by a failure to serve shall . . waive service and agree that said case may be heard." We therefore hold that the present bill of exceptions can not be retained for a hearing on its merits by virtue of anything contained in the section of the code first above cited.

*Writ of error dismissed.    All the Justices concurring.*