## KAHN v. HOLLIS et al.

1. When an action was brought against a number of persons as beneficiaries of a trust, and the relief prayed for was such that all the beneficiaries were interested therein, and the case was in default as to all except three of the defendants who filed a demurrer to the petition, and upon a hearing the court sustained the demurrer and dismissed the entire case, all of the defendants were necessary parties to a bill of exceptions complaining of the judgment sustaining the demurrer and dismissing the entire case.
2. The return of service of a bill of exceptions must be entered upon or annexed to the original bill of exceptions; and where such a return is made upon a separate paper which is not annexed to the bill of exceptions prior to the time that it is transmitted to the clerk of the Supreme Court, the judge of the trial court, while the case is pending in the Supreme Court, has no authority to pass an order declaring such entry of service to be a part of the record in the case, and ordering the same to be transmitted to the clerk of the Supreme Court. *Turner* v. *Collins,* 8 *Ga.* 252; *Coleman* v. *Johnson,* 45 *Ga.* 316.

Argued November 18,—Decided December 22, 1905.

Motion to dismiss the writ of error.

On January 18, 1901, Valentine Kahn brought an equitable petition against Paul Hollis and William Rice, praying that the title to certain property be declared to be in him, or that a sale of the property be ordered to repay him for certain moneys advanced; and for other relief. It was alleged that Jere Hollis held the title to the property as trustee for Maria A. Hollis and her children, and that Paul Hollis, who was one of the beneficiaries of the trust, had possession of the property, by his tenant William Rice. By amendment it was alleged that Jere Hollis died during the year 1900, and that no trustee had been appointed in his place; and the plaintiff prayed that Maria A. Hollis, Claude Damour, T. G. Hollis, Jere Hollis, A. H. Simmons, Francis Johnson, Clay Hollis, Julian Hollis, and Olive Hollis, the beneficiaries of the trust, be made parties. This prayer was granted. It appeared that Claude Damour and A. H. Simmons were non-residents, and service was perfected upon them as provided by law. Paul Hollis, Claude Damour, and T. G. Hollis filed a demurrer to the petition, on the ground that it was prematurely brought; and this demurrer was sustained, and the case was dismissed as to all the defendants. Prior to the filing of this demurrer Paul Hollis had filed an answer. The other defendants were in default.

The plaintiff filed a bill of exceptions, in which he excepted to the judgment of the court sustaining the demurrer and dismissing his petition. Service of this bill was made upon Paul Hollis, T. G. Hollis, and Claude Damour, and upon Jere Hollis, for himself and as guardian ad litem for Olive Hollis and Julian Hollis. On the bill of exceptions is an affidavit of Henry Moran, that he served Julian Hollis with a copy of it. While the case was pending in this court the clerk of the trial court transmitted to the clerk of this court what purports to be an entry of service upon Olive Hollis and Maria Hollis by a deputy sheriff, dated four days after the bill of exceptions was certified, accompanied by an order of the judge, passed while the case was pending in this court, purporting to allow the entry of service to be filed as part of the record. There is nothing to indicate that this entry had ever been upon the original bill of exceptions or annexed thereto before it was transmitted. Also attached to the record is an affidavit that A. H. Sim-

mons has been dead three years or more. There is no entry of service as to the other defendants.

*Crump & Travis* and *Marion W. Harris,* for plaintiff.

*Jesse C. Harris, Minter Wimberly,* and *Hall & Wimberly,* for defendants.

COBB, P. J. A motion to dismiss the bill of exceptions in this case was made by three of the defendants, Paul Hollis, T. G. Hollis, and Claude Damour, upon the ground that all the parties had not been served. By reference to the foregoing statement of facts it will be seen that this motion must be sustained. All the parties defendant, with the exception of Rice, were joint owners of the realty which was the basis of the suit. The judgment of the court below, dismissing the entire case, is a judgment which these parties are all interested in sustaining. They are necessary parties to the bill of exceptions, and should each have been served. *White* v. *Bleckley,* 105 *Ga.* 173, Civil Code, §5562; *Chason* v. *Anderson,* 119 *Ga.* 496; *Augusta Bank* v. *Merchants Bank,* 104 *Ga.* 857, and citations.

　　　　*Writ of error dismissed. All the Justices concur.*