## MORRISON, administrator, *v.* HILBURN & POOLE.

COBB, P. J.  1. When an affidavit is made by an attorney at law as the foundation of a garnishment proceeding, it is not necessary that it should state that the plaintiff has reason to apprehend the loss of the sum claimed or some part thereof unless process of garnishment issue. A statement that the affiant has reason to so apprehend is sufficient. Civil Code, § 4708. The affidavit in *Knox* v. *Summers,* 66 *Ga.* 256, was held defective because it contained the statement that the attorney at law had reason to believe that his client would apprehend the loss of the sum claimed or some part thereof unless process of garnishment issued.

2. The garnishment laws are to be construed as a whole; and when so interpreted, an attorney at law may make the necessary statements to obtain a garnishment against an executor or administrator under the provisions of the Civil Code, § 4735.

3. The right of an executor or administrator, under the section above cited, to delay answer "until the estate in his hands is sufficiently administered to enable him to answer the same," must be asserted by a proper plea or motion. It is not incumbent upon the plaintiff to show the condition of the estate in his hands.

4. If a garnishee duly summoned to answer in a justice's court fails to answer in the time required by law, the justice is authorized to "enter a default" against him, and thereupon enter up judgment in favor of the plaintiff for such an amount as may have been obtained by judgment against the defendant, or for such amount as may thereafter be recovered in the pending suit. Civil Code, § 4153; *Jarrell* v. *Guann,* 105 *Ga.* 139.

5. If the judgment against the defendant has been rendered in the court in which the garnishment is pending, the justice may look to such judgment to ascertain the amount of the judgment to be rendered against the garnishee, without such judgment being formally offered in evidence.

6. The bill of exceptions was certified on February 2, 1906, and filed in the office of the clerk of the superior court on February 3, and with the record was transmitted to the clerk of the Supreme Court, and filed in the office of that officer on February 7. There was no acknowledgment or entry of service upon the bill of exceptions. When the case was called a motion was made to dismiss the writ of error for want of service of the bill of exceptions. In reply to this motion it was shown that a copy of the bill of exceptions was served within ten days from the time the same was certified, and that within that time counsel made an affidavit to the fact of service, and carried the same to the clerk of the superior court, who informed him that the record and bill of exceptions had been transmitted to the clerk of the Supreme Court; whereupon counsel filed the affidavit with the clerk of the Supreme Court, but that officer refused to allow the same annexed to the bill of exceptions. *Held,* that, upon motion made at the time the case was called, an order will be granted directing the clerk of the Supreme Court to return the original bill of exceptions and affidavit to the clerk of the superior court, that the entry of service may be filed and annexed to the bill of exceptions in terms of the law. Civil Code, § 5567.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued June 1,—Decided July 30, 1906.

Certiorari.    Before Judge Pendleton.    Fulton superior court. February 1, 1906.

*Lowndes Calhoun,* for plaintiff in error.

*S. D. Johnson* and *R. O. Lovett,* contra.