### ALFORD & MILLS v. SHORE LUMBER COMPANY.

HILL, J.  In view of the pleadings and the evidence submitted at an interlocutory hearing before the judge of the superior court, he did not abuse his discretion in enjoining the defendants from using the timber in controversy for turpentine purposes, until the final hearing, upon the plaintiffs executing a bond in a stated amount to be approved by the clerk of the court, conditioned to pay the defendants all damages and costs which might be sustained by reason of the granting of such injunction, provided the plaintiffs should finally fail to recover in the action.              *Judgment affirmed.  All the Justices concur.*
JANUARY 14, 1913.

Injunction.   Before Judge Thomas.   Brooks superior court. June 14, 1912.

*Branch & Snow,* for plaintiffs in error.   *E. K. Wilcox,* contra.

---

### ALBRITTON v. TYGART.

HILL, J.   Section 6160 of the Civil Code provides:   "Within ten days after the bill of exceptions is signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the Supreme Court who are thus served."   Accordingly, where the bill of exceptions shows only an entry signed by counsel for the plaintiff in error, certifying that "we have this day served counsel for defendant in error by mailing them a copy of the original bill of exceptions in the Post-Office at Nashville, Ga.," and no other service, or acknowledgment of service, or waiver of service appears, the bill of exceptions will be dismissed.  *Clark* v. *Lyon,* 48 Ga. 125.                      *Writ of error dismissed.  All the Justices concur.*
JANUARY 15, 1913.

From Berrien superior court.   Motion to dismiss.

*J. W. Powell* and *W. G. Harrison,* for plaintiff in error.

*Hendricks & Christian,* contra.