## RAY v. HARDMAN.

ATKINSON, J.   O. G. Ray instituted a suit for accounting and specific performance against W. B. Hardman and the First National Bank of Commerce. The case was referred to an auditor, who reported findings in favor of both defendants upon the substantial issues involved in the case. The plaintiff filed exceptions to the auditor's report, and on the hearing the judge passed an order dismissing the exceptions and confirming the report. The plaintiff filed a bill of exceptions, naming W. B. Hardman as defendant in error, but omitting the name of the First National Bank of Commerce. Within ten days after the bill of exceptions was certified, the plaintiff in error mailed a copy thereof to the attorney of defendant in error, and certified such fact on the back of the bill of exceptions. More than 10 days after the bill of exceptions was certified, the attorney for the defendant in error, who in fact was attorney of record for both of the defendants in the trial court, made an entry on a copy of the bill of exceptions as follows: "Due and legal service of the within bill of exceptions acknowledged and copy waived, but reserves all rights to move to dismiss same because proper parties not made, and for any other reason." The acknowledgment was signed by the attorney, with the words added after his name, "Counsel for defendants in error." A motion was made in the Supreme Court to dismiss the bill of exceptions, on the ground that the First National Bank of Commerce was a necessary party defendant in error, and had not been made such. *Held:*

1. The First National Bank of Commerce, being interested in sustaining the judgment of the trial court, was a necessary party defendant in error.

(a) The entry, on the bill of exceptions, of service by mailing a copy thereof to the attorney for the defendant in error, made by the attorney for the plaintiff in error, did not show a valid service of the bill of exceptions. *Presley* v. *Jones*, 139 *Ga.* 814 (78 S. E. 126); Civil Code, § 6160.

(b) Such attempted service did not make the First National Bank of Commerce a party defendant in error.

2. If it would have been sufficient subsequently for the attorney of the defendant in error to make an entry of acknowledgment of service upon a copy of the bill of exceptions (*Kahn* v. *Hollis*, 124 *Ga.* 537, 53 S. E. 95), an acknowledgment so made, purporting to be signed by "counsel for defendants in error," which expressly reserved the right to dismiss the bill of exceptions for want of proper parties, would not, on account of the act of 1911 (Acts 1911, p. 149; Park's Code, § 6130, par. 3), cure the omission to make the First National Bank of Commerce a party defendant in error. *Burney* v. *Southern Express Co.*, 144 *Ga.* 545 (87 S. E. 652).

*Writ of error dismissed.   All the Justices concur.*
APRIL 12, 1917.

Equitable petition; from Jackson.   Motion to dismiss.

*Ray & Ray,* for plaintiff.   *W. W. Stark,* for defendants.