### JOHNSON *v.* McKELVIN *et al.*

Where no return of service is indorsed upon or annexed to a bill of exceptions (no acknowledgment of service having been made), the writ of error will be dismissed. Service of such bill of exceptions can not be shown in the Supreme Court by an entry of service by the sheriff,

or by an affidavit of service by counsel for plaintiff in error, made after the writ of error has been filed in the office of the clerk of the Supreme Court, although such entry of service and affidavit of service are filed in the office of the clerk of the trial court and by him transmitted to the Supreme Court.

No. 2103.   JANUARY 11, 1921.

Equitable petition.   Before Judge Eve.   Worth superior court. May 14, 1920.

*Passmore & Forehand* and *Claude Payton,* for plaintiff in error.
*Perry & Williamson* and *Pottle & Hofmayer,* contra.

GEORGE, J.   The bill of exceptions in this case was certified on June 8, 1920, and filed in the office of the clerk of the court below on June 12, 1920.   The writ of error was filed in the Supreme Court on June 14, 1920.   There is no entry of service or acknowledgment of service on the original bill of exceptions, and there was in truth no such entry of service or acknowledgment of service at the time the bill of exceptions was filed in the Supreme Court. On June 17, 1920, after the writ had been filed in the Supreme Court, counsel for the plaintiff in error made an affidavit of service on counsel for defendants in error, in which it is stated that service was perfected on counsel for defendants in error on June 17, 1920, which was afterwards filed in the office of the clerk of the trial court on June 17, 1920.   On June 17, 1920, the sheriff of the county made an entry of service on defendants in error, which was filed in the office of the clerk of the trial court on June 18, 1920.   The clerk of the trial court transmitted to the clerk of the Supreme Court the affidavit of counsel and the entry of service as made by the sheriff, and these papers were filed in the office of the clerk of the Supreme Court on June 19, 1920.   Upon the call of the case the defendants in error filed a motion to dismiss the writ of error, upon the ground that there was no entry of service or acknowledgment of service indorsed upon or annexed to the original bill of exceptions, as required by the Civil Code (1910), § 6160.

In the early case of *Turner* v. *Collins,* 8 *Ga.* 252, it was held: " A writ of error will be dismissed, if a copy is not served, *and an entry made thereof,* within the time required by the 21st rule of this court.   And the party failing to indorse the entry of service, as required by the 21st rule, before the writ of error is transmitted to this court by the clerk below, will not be permitted

to come here, and, on motion, have the omission supplied." The 21st rule of court referred to is, in substance, section 6160 of the Civil Code of 1910. In *Crow* v. *State,* 111 *Ga.* 645 (36 S. E. 858), it was held: "Where there is no return or acknowledgment of service 'indorsed upon or annexed to' a bill of exceptions, the writ of error will be dismissed. Service of a bill of exceptions can not be shown in the Supreme Court by parol statements of counsel, or by producing detached writings purporting to evidence such service." In *Brantley* v. *McArthur,* 132 *Ga.* 459 (64 S. E. 326), a motion was made to dismiss the writ of error, for want of proper service of the bill of exceptions. The attorney who had made the entry on the bill of exceptions made an affidavit stating that he had served a copy of the bill of exceptions upon one of the attorneys for the defendant in error, on a day named, which was within ten days from the date of the judge's certificate. Counsel for plaintiffs in error made a motion to be allowed to attach such affidavit to the bill of exceptions, as proof of service. It was held that "the latter motion must be denied, and the writ of error be dismissed." On the point in question the decisions of this court are uniform. See *Hiers* v. *Ward,* 44 *Ga.* 652; *Coleman* v. *Ransom,* 45 *Ga.* 316; *Cloud* v. *State,* 50 *Ga.* 369; *Plummer* v. *Moore,* 63 *Ga.* 626; *Akerman* v. *Neel,* 70 *Ga.* 728; *Ga., Fla. & Ala. Ry. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15); *Kahn* v. *Hollis,* 124 *Ga.* 537 (53 S. E. 95); *Advance Lumber Co.* v. *Moreland,* 132 *Ga.* 852 (65 S. E. 86). The act of August 21, 1911 (Acts 1911, p. 149, § 4; Park's Ann. Code, § 6164-a), provides: "Where a bill of exceptions which can be identified as excepting to a specific judgment is served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court. Where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and specifically states that it is *not* to be construed as waiving some particular defect then pointed out by him. If such acknowledgment of service is properly entitled in the cause, it need not be physically attached to the bill of exceptions." The act is not

applicable here. There was no acknowledgment of service. Since the act of August 21, 1911, as before, the rule is that after the bill of exceptions has been certified, filed in the office of the clerk of the trial court, and by him transmitted with the record to the clerk of the Supreme Court, and there filed, an entry of service on the defendants in error, by the sheriff of the county, or an affidavit of service on counsel for defendants in error, by plaintiffs in error, made and filed in the office of the clerk of the trial court after the writ of error has been filed in the Supreme Court, can not be considered as parts of the original bill of exceptions and as parts of the record in the case, although transmitted to this court by the clerk of the trial court. The motion to dismiss the writ of error must be sustained.

*Writ of error dismissed. All the Justices concur.*