18353, 18358.   Thomas *v.* Macken; and *vice versa.*

Broyles, C. J. 1. Where a bill of exceptions has been certified by the judge and filed in the office of the clerk of the trial court, and there is indorsed upon the bill an entry of service signed by the sheriff, showing that a copy of the bill of exceptions was duly served on the opposite party to the cause, the sheriff has no authority thereafter, and after the time for service has expired, to amend his entry of service so as to show that the purported copy of the bill of exceptions so served was not in fact a true copy thereof. Nor has either the trial court or this court authority to pass an order authorizing such an amendment. *Ga., Fla. & Ala. Ry. Co.* v. *Lasseter*, 122 *Ga.* 679 (51 S. E. 15), and cit. The previous order of this court in this case, passed on December 13, 1927, authorizing and directing the sheriff of Hancock County to amend his original entry of service, is vacated, and the amended entry made in compliance with such order can not be considered by this court. Under the above-stated rulings the motion of the defendant in error in the main bill of exceptions to dismiss that bill of exceptions is denied.

2. No settlement of a claim in a compensation case is binding upon the claimant unless the settlement agreement has been filed with and approved by the industrial commission. Workmen's compensation act, section 19 (Ga. L. 1920, p. 167). That section of the act is not necessarily in conflict with section 10 of the Civil Code of 1910, which provides that "a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Under this ruling the trial court erred in this case in setting aside the award of the industrial commission upon the ground that the settlement agreement between the employer and the claimant (introduced in evidence), which had not been filed with or approved by

Appeal and Error, 4 C. J. p. 493, n. 70 New; p. 649, n. 35.
Workmen's Compensation Acts, C. J. p. 108, n. 90.

the industrial commission, was a valid and binding settlement, and that the claimant was not entitled to any award.

3. In the judgment setting aside the award the trial judge stated that "as said appeal, by this decision, has been sustained upon the ground above set forth, it is unnecessary for this court to pass upon the other grounds set forth in said appeal." The defendant in error in the main bill of exceptions filed a cross-bill excepting to the failure of the judge to pass upon the other grounds of the appeal, to wit, grounds 1, 2, 3, 4, 5, 6(a), 6(b), 6(c), 6(d), and 6.(f). As the decision setting aside the award on the ground stated was controlling in the case, the failure to pass upon the other grounds of the appeal was not error. However, as that decision has now been reversed by this court, the trial court, upon the next hearing of the case, will of course pass upon the other grounds of the appeal.

*Judgment reversed on main bill of exceptions, and affirmed on the cross-bill. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 10, 1928.

Appeal; from Hancock superior court—Judge Park. May 28, 1927.

*Wright & Davis, L. P. Marquardt,* for plaintiff.

*S. H. Wiley, Carlyle Giles,* for defendant.