### 29490. HARDY *v.* BANK OF ILA.

GARDNER, J. The only evidence of service of the bill of exceptions as shown by the record is that the attorney for the plaintiff in error mailed a copy of the bill of exceptions to the attorney for the defendant in error within the time prescribed by law. In *Ownby* v. *Wager*, 66 *Ga. App.* 37 (16 S. E. 2d, 906), this court held: "Where the only entry of service on a bill of exceptions is an affidavit by counsel for the plaintiff in error to the effect that he mailed a copy of the same to the attorney for the defendant in error, and otherwise there appearing no service, acknowledgment of service, or waiver of service, the writ of error must be dismissed." See, in this connection, *Cox* v. *Bibb Manufacturing Co.*, 45 *Ga. App.* 158 (164 S. E. 97); *Gorman* v. *Central of Georgia Railway Co.*, 141 *Ga.* 125 (80 S. E. 553). Furthermore, the bill of exceptions contains no assignment of error on any final judgment, the only assignment of error being on the striking of the plea and answer. Under the cited rulings, the motion to dismiss the writ of error, for lack of service and for lack of an assignment of error on a final judgment must be sustained.

*Writ of error dismissed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 23, 1942.

*Charles Emory Smith,* for plaintiff in error.
*R. Howard Gordon,* contra.