HENRY v. GILLIS *et al.*

DUCKWORTH, Chief Justice. 1. The notice required under the act of 1946 (Ga. L. 1946, pp. 726, 735; Code, Ann. Supp., § 6-908.1) of intention to present to the judge for approval a bill of exceptions is for the purpose therein stated, of affording an opportunity to the opposite party to be heard as to whether or not it is correct. That statute has no relation to the law (Code, § 6-911), requiring service of the bill of exceptions within 10 days after it is certified, which is necessary to confer jurisdiction upon the Supreme Court of the person of the defendant in error, and thus cause the judgment of such court to be constitutionally binding upon him, since he will have had notice and opportunity to be heard. Compliance with one does not satisfy the other. Nor would an acknowledgment of notice, which by its terms clearly relates to the former, satisfy the latter because of the provisions of the Code, § 6-912. In such an acknowledgment the words, "notice, waived and acknowledged," must be construed to refer solely to the notice required under the Code, Ann. Supp., § 6-908.1.

2. On application of the law as thus construed to the only entry of service upon the present bill of exceptions—which is as follows: "Notice of presentation of the within and foregoing bill of exceptions is hereby acknowledged. The bill of exceptions is hereby approved as correct and complete as to the averments of fact therein, and all other and further notice is hereby waived," such acknowledgment being dated July 20, 1948, and the certificate of the judge approving the bill of exceptions

being dated July 22, 1948—it must be held that there has been no service of the bill of exceptions, and for this reason it must be dismissed. *Mauldin* v. *Mauldin*, 203 *Ga.* 123 (45 S. E. 2d, 818).

*Writ of error dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16367. OCTOBER 13, 1948.

*D. N. Brown* and *H. Alonzo Woods,* for plaintiff.
*N. G. Reeves Jr.,* and *J. Carlton Warnock,* for defendants.