## NEWTON *et al. v.* BAILEY *et al.*

HEAD, Justice. "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney. . . with a return of such service (or acknowledgment of service endorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served." Code, § 6-911. An acknowledgment upon a bill of exceptions as follows: "The within bill of exceptions has been tendered to us and we approve it as being correct and complete as to the averments of fact therein made," is in compliance with the new Rules of Practice and Procedure (Ga. L. 1946, pp. 726, 735, sec. 7; Code, Ann. Supp., § 6-908.1), and does not dispense with service of the bill of exceptions as required by the Code, § 6-911. Without service (or acknowledgment of service) of the bill of exceptions as provided by the foregoing section of the Code, the Supreme Court has no jurisdiction and the writ of error must be dismissed. *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818); *Harper* v. *Atlanta & West Point R. Co.,* 204 *Ga.* 311 (49 S. E. 2d, 513); *Henry* v. *Gillis,* 204 *Ga.* 397 (50 S. E. 2d, 73); *Irwin* v. *LeCraw,* 206 *Ga.* 702 (58 S. E. 2d, 383).

*Writ of error dismissed. All the Justices concur.*

No. 17550. ARGUED SEPTEMBER 10, 1951—DECIDED OCTOBER 10, 1951.

*W. E. Harclerode,* for plaintiffs in error.

*Gambrell, Harlan & Barwick, James C. Hill,* and *Harold L. Russell,* contra.