## 18289. CHITWOOD *v.* CHITWOOD.

CANDLER, Justice. 1. While no motion has been made to dismiss the bill of exceptions, it is nevertheless the duty of this court to consider and determine its jurisdiction in all cases brought here for review. *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d 473); *Adams* v. *Adams,* 206 *Ga.* 857 (2) (59 S. E. 2d 375).

2. Within ten days after the bill of exceptions has been signed and certified, the plaintiff therein must serve a copy thereof upon the opposite party or his counsel, with a return of such service or an acknowledgment of service entered upon or annexed to the bill of exceptions, in order to give this court jurisdiction. Code § 6-911; *Irwin* v. *LeCraw,* 206 *Ga.* 702 (58 S. E. 2d 383), and citations.

3. The new rule of practice and procedure enacted in 1946 (Ga. L. 1946, pp. 726, 734; Code, Ann. Supp., § 6-908.1), requiring the judge, before certifying the bill of exceptions, to provide for reasonable notice to the opposite party or his counsel and thus afford an opportunity to be heard on the question as to whether or not the proposed bill of exceptions is correct and complete, was not intended to and does not alter the rule requiring service of the bill of exceptions after it is signed and certified or unless there is a waiver thereof as provided by Code § 6-912. *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d 818). And a waiver of the notice which must now be given, under the new rule, of a proposed bill of exceptions before approval does not dispense with the necessity of serving the bill of exceptions after approval by the trial judge. *West*

*Lumber Co.* v. *Harris,* 204 *Ga.* 343 (50 S. E. 2d 15); *Henry* v. *Gills,* 204 *Ga.* 397 (50 S. E. 2d 73).

4. In the instant case and concerning service of the bill of exceptions, the record shows only the following: "Notice of the presentation of the bill of exceptions in the above-stated case is hereby acknowledged. We agree that the facts recited in the bill of exceptions are true and agree for the court to sign said bill of exceptions." This did not comply with the requirement of service or waiver thereof of the bill of exceptions after certification by the trial judge; and this court is for that reason without jurisdiction.

*Writ of error dismissed. All the Justices concur, except Atkinson, P.J., not participating.*

SUBMITTED JULY 13, 1953—DECIDED SEPTEMBER 15, 1953.

*Mitchell & Mitchell,* for plaintiff in error.
*Adams & McDonald,* contra.