35184. FELDMAN *v.* BENSON *et al.*

NICHOLS, J. Service by mail of a bill of exceptions upon parties residing in this State is insufficient to enable this court to take jurisdiction of a writ of error. *Clark* v. *Lyon,* 48 *Ga.* 125. Since no return of service, or acknowledgment or waiver thereof, appears, other than the certificate of counsel for the plaintiff in error that he had served counsel for the defendants in error with copies of the bill of exceptions by depositing the copies in the United States mail in a properly addressed envelope with adequate postage, the motion to dismiss the writ of error because it was not served in accordance with law must be sustained. *Albritton* v. *Tygart,* 139 *Ga.* 231 (77 S. E. 28); *Presley* v. *Jones & Oglesby,* 139 *Ga.* 814 (78 S. E. 126); *Ownby* v. *Wager,* 66 *Ga. App.* 37 (16 S. E. 2d 906); *Hardy* v. *Bank of Ila,* 67 *Ga. App.* 299 (20 S. E. 2d 94); *Burgess* v. *Keene,* 85 *Ga. App.* 548 (69 S. E. 2d 885). The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 455, par. 8), amending Code § 6-911 so as to permit service to be shown by "an unverified certification of one of counsel for plaintiff in error," does not authorize service of a bill of exceptions by mail.

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*

DECIDED OCTOBER 14, 1954.

*T. M. Smith, Jr., Troutman, Sams, Schroder & Lockerman,* for plaintiff in error.

*Noah J. Stone, Kenneth L. Leake,* contra.