35909, 35929. ATLANTA NEWSPAPERS, INC. v. WATTS et al.; and *vice versa.*

TOWNSEND, J. 1. Proper service of a bill of exceptions is essential to give the appellate court jurisdiction of the writ of error. *Irwin* v. *LeCraw,* 206 *Ga.* 702 (58 S. E. 2d 383), and citations. It is the duty of this court to consider and determine its jurisdiction even though no motion to dismiss the bill of excepion has been made. *Chitwood* v. *Chitwood,* 210 *Ga.* 40 (77 S. E. 2d 524).

2. Where the only entry of service on a bill of exceptions is the certificate of counsel for the plaintiff in error to the effect that he mailed a copy of the same to the attorney for the defendant in error, and no other service, acknowledgment of service, or waiver of service appears, there has been no valid service, and the writ of error must be dismissed. *Burgess* v. *Keene,* 85 *Ga. App.* 548 (69 S. E. 2d 885), and citations. The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 455), amending Code § 6-911 so as to permit service to be shown by "an unverified certification of one of counsel for plaintiff in error" does not authorize service of a bill of exceptions by mail. *Feldman* v. *Benson,* 90 *Ga. App.* 824 (84 S. E. 2d 710). This results also in the dismissal of the cross-bill of exceptions.

*Main bill and cross-bill of exceptions dismissed. Gardner, P. J., and Carlisle, J., concur.*

844

DECIDED OCTOBER 14, 1955—REHEARING DENIED OCTOBER 27, 1955.

Mundy & Gammon, for plaintiff in error.
Forrest C. Oates, Jr., E. L. Gammage, Jr., contra.

ON MOTION TO REHEAR.

Plaintiff in error, on motion to rehear, concedes that this court properly inquired into its jurisdiction of this case and found that it had none, since the record on appeal fails to show any service on the defendant in error. However, counsel states in the motion that the endorsement on the bill of exceptions of service on counsel for defendant in error by mail was not correct, and that in fact service was made within the time prescribed by law by personally serving opposing counsel. He offers to show this fact by means of a certificate as to such service, signed by him and filed in the office of the clerk of the trial court subsequently to the transmission of the bill of exceptions and subsequently to the decision in this case by this court, and asks that this court order the trial court to send up such paper for its consideration as a part of the record, under the provisions of Code §§ 6-812 and 6-1403 pertaining to diminution of record. If it were legally possible to grant this request, the Court of Appeals would do so, since we feel that wherever possible substantial justice requires that cases be decided on their merits rather than on technical rules of procedure, even though the end result might be the same in either event. However, the law requires that the return of service be "indorsed upon or annexed to such bill of exceptions and they alone are parties defendant in the appellate court who are thus served." (That this procedure is not necessary as to acknowledgments of service only, under the Act of 1911 (Ga. L. 1911, p. 149), see Code § 6-912. "Service of a bill of exceptions can not be shown in the Supreme Court by parol statements of counsel, or by producing detached writings purporting to evidence such service." Crow v. State, 111 Ga. 645 (36 S. E. 858). "Since the act of August 21, 1911, as before, the rule is that after the bill of exceptions has been certified, filed in the office of the clerk of the trial court, and by him transmitted with the record to the

Clerk of the Supreme Court, and there filed, an entry of service on the defendants in error, by the sheriff of the county, or an affidavit of service on counsel for the defendants in error, by plaintiffs in error, made and filed in the office of the clerk of the trial court after the writ of error has been filed in the Supreme Court, can not be considered as parts of the original bill of exceptions and as parts of the record in the case, although transmitted to this court by the clerk of the trial court." *Johnson* v. *McKelvin,* 150 *Ga.* 812, 815 (105 S. E. 600). See also *Coleman* v. *Ransom & Co.,* 45 *Ga.* 316; *Kahn* v. *Hollis,* 124 *Ga.* 537 (53 S. E. 95) ; *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211). Nothing held in *Morrison* v. *Hillburn & Poole,* 126 *Ga.* 114 (6) (54 S. E. 938) is sufficient to make it possible for this court to acquire jurisdiction of the bill of exceptions in this case. Code § 6-911(1) provides as follows: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served." In the *Morrison* case the bill of exceptions was certified on February 2, filed on February 3, and filed in the office of the Supreme Court on February 7. All this happened within the 10 days allowed the plaintiff in error to perfect service, and within such time the plaintiff in error served defendant in error, made a proper affidavit of such service, and attempted to file same both in the trial court and in the Supreme Court. Under such state of facts the Supreme Court held that the bill of exceptions might be returned to the trial court for the purpose of annexing the return of service thereto, which action served the purpose of correcting an error of the clerk of the trial court in prematurely forwarding the bill of exceptions. Here the certificate of counsel endorsed on the bill of exceptions within the time allowed in which to perfect service showed no service or a void service (not a mere irregularity in the service). Counsel now desires to make it appear that there was in fact another and different service from that shown by the record, after the expiration of the time allowed by law in which this may be done. This

case is controlled adversely to the contentions of movant by *Kahn* v. *Hollis,* supra, holding that the trial court is without jurisdiction, the return being made upon a separate paper which is not annexed to the bill of exceptions prior to the time that it is transmitted to the clerk of the appellate court, to certify the same as a part of the record. Should this court in compliance with the request of counsel for movant order the paper thus uncertified by the trial court as a part of the record to be sent to this court, it still could not be treated as a part of the record. *Reynolds* v. *Stanton,* 174 *Ga.* 340 (2) (162 S. E. 783). Also, on the question of the necessity for a proper entry of service upon the bill of exceptions itself see *Coleman* v. *Ransom & Co.,* supra. Counsel for movant requests that, in the event this court should consider insufficient the amendment to the service of the bill of exceptions as filed in the trial court subsequently to the transmission of the record to this court and after the 10-day period for procuring service allowed by law, leave be granted by this court to file here an amendment to the service of the bill of exceptions in accordance with the actual facts as set forth in the motion and in proper form. *Turner* v. *Collins,* 8 *Ga.* 252, precludes this action, as does *Ginn* v. *Ginn,* 202 *Ga.* 292 (42 S. E. 2d 923).

Counsel for movant contends that this court, in holding the service void and the court without jurisdiction of the bill of exceptions, overlooked the fact that the defendant in error filed a cross-bill of exceptions and thereby waived service. In support thereof Code § 81-209 is cited, which provides as follows: "Appearance and pleading shall be a waiver of all irregularities of the process or of the absence of process, and the service thereof." This Code section relates to service of process in trial courts. That it does not apply to appearances in appellate courts see *Harper* v. *Atlanta & West Point R. Co.,* 204 *Ga.* 311 (49 S. E. 2d 513). Since the certificate of counsel filed in the office of the clerk of the trial court is not a part of the record in the case, it having been so filed after the bill of exceptions was signed and transmitted to this court, and since it was not annexed to or indorsed upon the bill of exceptions, this court has no authority to order it to be transmitted.

Motion denied.