36176. Smith, Administratrix, *v.* Georgia Power Company, et al.

Carlisle, J. 1. While, by the terms of Code § 6-911, as amended by the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 456; Code, Ann. Supp., § 6-911), the return of service of a bill of exceptions may be "either in

the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service, indorsed upon or annexed to the bill of exceptions," an unverified certification by counsel for the plaintiff in error that service of the bill of exceptions was had upon named attorneys for named parties by his secretary's handing a copy of the bill of exceptions to such named attorneys is not such service of the bill of exceptions as contemplated and required by law, and upon motion of such named parties, the writ of error will be dismissed as to them where no other service, acknowledgment of service, or waiver of service, appears on, or is annexed to, the bill of exceptions. See in this connection, *Feldman* v. *Benson*, 90 *Ga. App.* 824 (84 S. E. 2d 710); *Hardy* v. *Bank of Ila*, 67 *Ga. App.* 299 (20 S. E. 2d 94); *Burgess* v. *Keene*, 85 *Ga. App.* 548 (69 S. E. 2d 885). Consequently, the motions of Georgia Power Company and Southern Bell Telephone & Telegraph Company to dismiss the writ of error are sustained and the writ of error is dismissed as to them.

2. All persons who are interested in sustaining the judgment of the court below are necessary parties in the Court of Appeals and must be made parties defendant to the bill of exceptions and served with a copy thereof. *Tillman* v. *Davis*, 147 *Ga.* 206 (93 S. E. 201); *Woolard* v. *Corcoran*, 148 *Ga.* 299, 300 (96 S. E. 564); *Teasley* v. *Cordell*, 153 *Ga.* 397 (112 S. E. 287); *Edwards* v. *Wall*, 153 *Ga.* 776 (113 S. E. 190).

3. Where, in a suit brought against three named defendants, each of the defendants filed general demurrers, which challenge the plaintiff's right to any relief, and the trial court in a single judgment sustained and dismissed the case, each of the defendants becomes interested in sustaining the judgment; and, if the plaintiff wishes to except to the judgment, it is essential that he make all of the defendants in the trial court defendants in error and serve each with a copy of the bill of exceptions, and a failure to do so will require a dismissal of the writ of error. *Tillman* v. *Davis*, supra; *Tate* v. *Goode*, 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (NS) 310); *McKinney* v. *Powell*, 149 *Ga.* 422, 430 (100 S. E. 375); *Benson* v. *Lewis*, 176 *Ga.* 20 (166 S. E. 835). Georgia Power Company and Southern Bell Telephone & Telegraph Company were not properly served and have not waived service and agreed that the case be heard by this court; and, as they are necessary parties, the writ of error as to Fulton Bag & Cotton Mills must also be dismissed on motion.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 5, 1956.

*Wyman C. Lowe*, for plaintiff in error.
*George Haas, Allen Lockerman, Harry Baxter*, contra.