36924. ANDERSON *v.* HEYWARD *et al.,* Trustees.

DECIDED NOVEMBER 15, 1957.

*Lewis L. Scott,* for plaintiff in error.

*Bennett, Pedrick & Bennett, E. Kontz Bennett,* contra.

NICHOLS, J. The present action arose when the plaintiff sought to recover, according to the allegations of the petition, money due him for services rendered, certain money paid by him on behalf of the defendants, and attorney's fees because of the conduct of the defendants. The defendants' general demurrer to such petition was sustained and it is on this judgment that the plaintiff assigned error in the bill of exceptions. The bill of exceptions contained the following certificate of service: "This is

to certify that I, Lewis L. Scott did on this day forward a copy of the foregoing bill of exceptions to Mr. E. Kontz Bennett of the law firm of Bennett, Pedrick & Bennett, attorney for the defendants, whose post office address is Waycross, Georgia. Said copy was properly enclosed in an envelope with sufficient postage, having a return address clearly written in the left upper corner of same, and placed in the United States Post Office in due course, after the original was duly signed by the Hon. C. W. Pittman, Judge of the City Court of Waycross, Georgia."

Prior to the Act of 1957 (Ga. L. 1957, pp. 224, 227), it was well settled that service by mail was insufficient to confer jurisdiction on this court. *Feldman* v. *Benson,* 90 *Ga. App.* 824 (84 S. E. 2d 710) ; *Atlanta Newspapers, Inc.* v. *Watts,* 92 *Ga. App.* 843 (90 S. E. 2d 52), and cases cited. Therefore, unless the Act of 1957, supra, changed the law as announced in these and other decisions then the writ of error must be dismissed, for this court is without jurisdiction to decide the case.

Section 1 of the Act of 1957, supra, p. 228, reads in part as follows: "6-1202 Essential Parties. Who are interested parties —When the record shows clearly who were parties to the litigation in the court below, the writ of error shall not be dismissed because the bill of exceptions fails to specify or designate the parties plaintiff in error or defendant in error, and if it shall appear while the case is pending in the appellate court that a necessary party has not been named in the bill of exceptions or properly served, and where no acknowledgment of service binding upon such party has been entered, the appellate court shall, by proper order, require that all necessary parties as shown by the record be served with a copy of the bill of exceptions, unless service thereof be acknowledged or waived, and that such parties, upon request therefor within five days after service, be granted time within which to prepare, file and serve briefs. . ." Where there has been no valid service of the bill of exceptions on any interested party no case can be pending before this court, for to hold otherwise would be to hold that the act of 1957, supra, repealed by implication the statutes requiring service of a bill of exceptions. Therefore, where as here, there has been no valid service of the bill of exceptions upon any person, who properly denominated, would be a defendant in error, section 1 of the

act of 1957, supra, cannot operate to the benefit of the plaintiff in error. This act can benefit a plaintiff in error only in a case where there is more than one defendant in error and at least one of such defendants in error has been properly served.

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*