### 20787. GARRETT *v.* NICHOLSON.

Mobley, Justice. The defendant in error filed a motion to dismiss the bill of exceptions on the ground that it had not been served upon him as required by law. The record discloses that, at the time the bill of exceptions was filed in the Supreme Court on December 21, 1959, no proof of service appeared on the bill of exceptions or attached thereto. On January 5, 1960, there was filed in this court an acknowledgment of service of the bill of exceptions and waiver of all further service, signed by the defendant in error's counsel on December 24, 1959, which contained this reservation, "Defendant in error does not waive right to insist on motion to strike for want of timely legal service nor consent for case to

proceed"; and, on the same day, January 5, 1960, counsel for the plaintiff in error filed in this court his certificate reciting that he had served the defendant in error by certified mail on December 12, 1959, and that this service was evidenced by the attached return receipt signed by counsel for the defendant in error on December 12, 1959. *Held:*

Proof of service must appear on the original bill of exceptions or be attached thereto (*Clark* v. *Lyon*, 48 *Ga.* 125 (2); *Burney* v. *Collins*, 50 *Ga.* 90; *Ethridge* v. *Finney*, 119 *Ga.* 147, 45 S. E. 974), and service may not be shown thereafter by affidavit of counsel for the plaintiff in error sought to be filed in the Supreme Court. *Goodwin* v. *Kennedy*, 99 *Ga.* 123 (24 S. E. 975); *Brantley* v. *McArthur*, 132 *Ga.* 459 (64 S. E. 326); *Advance Lumber Co.* v. *Moreland*, 132 *Ga.* 852 (65 S. E. 86). "Where no return of service is indorsed upon or annexed to a bill of exceptions (no acknowledgement of service having been made), the writ of error will be dismissed. Service of such bill of exceptions can not be shown in the Supreme Court by an entry of service by the sheriff, or by an affidavit of service by counsel for plaintiff in error, made after the writ of error has been filed in the office of the clerk of the Supreme Court . . ." *Johnson* v. *McKelvin*, 150 *Ga.* 812 (105 S. E. 600). See also *West Lumber Co.* v. *Harris*, 204 *Ga.* 343, 344 (3) (50 S. E. 2d 15). The acknowledgment of service and waiver of further service of December 24, 1959, by the defendant in error did not cure the defect. Code § 6-911 (3) provides: "No case shall be dismissed by the appellate court for want of service when the party benefited by a failure to serve shall—if the bill of exceptions and a copy of the record in any case shall be in the hands of the clerk of the appellate court—waive service and agree that said case may be heard." Despite the waiver of further service, there was no agreement by the defendant in error that the case might be heard—a prerequisite coequal with that of waiver to avoid dismissal. *Marietta Paper Mfg. Co.* v. *Faw*, 64 *Ga.* 450. Rather, the defendant in error expressly withheld his consent for the case to proceed and stated that he did not waive his right to insist upon a motion to strike for want of timely legal service. Accordingly, the writ of error must be dismissed. See *Reynolds Banking Co.* v. *Beeland*, 142 *Ga.* 242 (82 S. E. 662); *Burney* v. *Southern Express Co.*, 144 *Ga.* 545 (87 S. E. 652); *Webb* v. *Deadwyler*, 149 *Ga.* 220 (99 S. E. 888).

*Writ of error dismissed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1960—DECIDED MARCH 15, 1960.

*John G. Davis,* for plaintiff in error.
*Herbert B. Kimzey, Kimzey & Kimzey,* contra.