38469. CREWS v. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.
38470. CREWS, Guardian v. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

DECIDED OCTOBER 11, 1960.

*Donald E. Austin,* for plaintiffs in error.

*Garrett & McDonald, F. B. McDonald, Jr.,* contra.

NICHOLS, Judge. In the case of *Plummer v. Moore,* 63 Ga. 626, Justice Bleckley, speaking for the Supreme Court, said: "An affidavit made not only after the bill of exceptions was filed, but after the time allowed by law for filing it had expired, is no evidence of service." Thereafter, the General Assembly in the act of 1885 (Ga. L. 1884-85, p. 102, *Code* § 6-1302), provided that a bill of exceptions could be served after it was filed; however, it did not change the provision that the affidavit must be filed within the time wherein the bill of exceptions could be filed, or that service must be perfected within such statutory period, but expressly stated that such service must be made within the time provided by law. In the case of *Duke v. Sims,* 70 Ga. App. 318 (28 S. E. 2d 174), Judge Felton, now Chief Judge of this court, said: "Nor will an affidavit suffice when

made after the time allowed for service and filing of the bill of exceptions, to the effect that the service was made on the same date the certificate was signed. *Plummer v. Moore*, 63 Ga. 626; *Goodwin v. Kennedy*, 99 Ga. 123 (24 S. E. 975); *Brantley v. MacArthur*, 132 Ga. 459 (64 S. E. 326)."

There being no proper service, acknowledgment or waiver of service of the bills of exceptions, this court is without jurisdiction to hear and determine the cases, and the writs of error must be dismissed.

*Writs of error dismissed. Felton, C. J., and Bell, J., concur.*