39986. WILLIAMS v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY.

39987. JACKSON v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY.

FRANKUM, Judge. 1. " 'Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney . . . with a return of such service (or acknowledgment of service) endorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served.' *Code* § 6-911. An

acknowledgment upon a bill of exceptions as follows: 'The within bill of exceptions has been tendered to us and we approve it as being correct and complete as to the averments of fact therein made,' is in compliance with the new Rules of Practice and Procedure (Ga. L. 1946, pp. 726, 735, sec. 7; *Code Ann. Supp.* § 6-908.1), and does not dispense with service of the bill of exceptions as required by the *Code*, § 6-911. Without service (or acknowledgment of service) of the bill of exceptions as provided by the foregoing section of the Code, the Supreme Court has no jurisdiction and the writ of error must be dismissed." *Newton v. Bailey,* 208 Ga. 415 (67 SE2d 239).

2. While actual physical attachment to the certified bill of exceptions of the acknowledgment of service or of the certificate of service is not essential, *Code* § 6-912; *Ginn v. Ginn,* 202 Ga. 292 (1) (42 SE2d 923), yet, such service cannot be shown in this court by parol statements of counsel, nor by extraneous detached writings or affidavits. *Akerman v. Neel,* 70 Ga. 728; *Crow v. State,* 111 Ga. 645 (36 SE 858) ; *Atlanta Newspapers, Inc. v. Watts,* 92 Ga. App. 843 (90 SE2d 52).

3. Applying the foregoing rules of law to the writs of error in these cases the dismissal of the writs is required. In each of these cases it appears that counsel for the defendant in error acknowledged notice of the time of tender of the bill of exceptions for certification and approved the recital of facts in the bill of exceptions under the provisions of *Code Ann.* § 6-908.1. This acknowledgment in each case was dated the day prior to the date the judge's certificate was signed, and it clearly did not amount to an acknowledgment of service of the writ of error as required by *Code Ann.* § 6-911. No other acknowledgment or certificate appears on the writs transmitted to this court by the clerk. As a part of their brief in response to the motion to dismiss, counsel for the plaintiff in error attach what appears to be a photostatic copy of the bill of exceptions in case No. 39986, which copy purports to show an acknowledgment of service of the bill of exceptions "together with the judge's certificate," signed by counsel for the defendant in error on December 11, 1962, the day preceding the date of the judge's certificate. The clear intent of the law, as shown by the cases cited above, is that the acknowledgment or certificate of service must be shown on the

original bill of exceptions or by a properly entitled paper accompanying it filed in the office of the clerk of the trial court and by him transmitted to this court. Any other certificate or acknowledgment brought to this court other than as a part of the original papers transmitted by the clerk of the trial court and over his certificate is insufficient to give this court jurisdiction. Accordingly, the writs of error must be

*Dismissed. Nichols, P. J., and Jordan, J., concur.*

DECIDED APRIL 4, 1963.

*Howard Moore, Jr., Hollowell & Ward, Horace T. Ward,* for plaintiffs in error.

*Buchanan, Edenfield & Sizemore, William F. Buchanan, Wm. H. Major,* contra.