40094. BACON GROCERY COMPANY et al. v. JOHNSON, by Next Friend.

776

DECIDED MAY 14, 1963.

*Ewing & Hutto, Marshall Ewing, Deen & Jacques, Braswell Deen, Jr.,* for plaintiffs in error.

*T. J. Townsend, Barrie L. Jones, Sumner & Boatright, J. Laddie Boatright,* contra.

EBERHARDT, Judge. ■ The provisions for perfecting service of a bill of exceptions upon the defendant in error are to be found in *Code Ann.* § 6-911. Except in the two instances[1] mentioned in the Code section the service must be personal. *South Side Atlanta Bank v. Anderson,* 200 Ga. 322 (2) (37 SE2d 404) and citations. Service by mail, therefore, has been held insufficient in an unbroken line of cases both in the Supreme Court and this court since *Clark v. Lyon,* 48 Ga. 125 (1873). See, e.g., *Nicholson v. Balkcom,* 217 Ga. 206 (121 SE2d 648) ; *Charles E.*

---

[1]The two instances are (a) when the State is the defendant in error, and (b) when the defendant in error resides out of the county where the bill of exceptions is sued out and the bill of exceptions cannot be served personally upon his attorney by reason of his absence from the county of his residence. In the

*Stewart & Sons, Inc. v. Stewart,* 217 Ga. 287 (122 SE2d 85); *Feldman v. Benson,* 90 Ga. App. 824 (84 SE2d 710). Nor will the fact that the mailing was by certified or registered mail afford validity to the attempted service. *Cox v. Bibb Mfg. Co.,* 45 Ga. App. 158 (164 SE 97); *State Mutual Ins. Co. v. Clement,* 93 Ga. App. 215 (91 SE2d 200). See E.G.L. 139, Appeals, § 133. Even when counsel for the defendant in error admit having received the mailed copy, valid service is not shown. *Clark v. Lyon,* 48 Ga. 125, supra; *Ginn v. Ginn,* 202 Ga. 292 (2) (42 SE2d 923).

The strictness with which this and other appellate procedure statutes have been construed is explained by the common law theory that "review of lower court judgments by a superior court was considered the bringing of a new suit,[2] rather than continuation of an old one, . . . [and] like any other original action at law, the allegations of the declaration or petition must be formulated with the utmost precision, and secondly, that service must be perfected subject to all the technical safeguards attendant upon process and service in original proceedings." Leverett, Hall & Christopher, Ga. Procedure & Practice § 23-17, pp. 564-5 (citations omitted). The remedial amendment to *Code Ann.* § 6-911 found in Ga. L. 1953, Nov. Sess., p. 456, is an attempt to treat one of the results rather than to discard the theory itself to reach beneficial results.

Counsel for plaintiff in error earnestly insists that since Mr. Boatright refused to acknowledge service of the brief of evidence and at the same time stated that there would be no acknowledgment or acceptance of service of "any other pleadings, motions or documents in said case" a tender of the bill of

second instance service may be perfected by leaving a copy at the attorney's residence. If there is a nonresident defendant in error who is not represented by counsel service may be perfected by having the clerk of the court mail him a copy. *Bodenheimer v. Fulton Nat. Bank,* 205 Ga. 829 (2) (55 SE2d 357). Doubtless if the nonresident has counsel who is a nonresident of the State service might be similarly perfected.

[2]Implicit in the Federal Rules is the continuing case as opposed to the new case theory.

exceptions would have been as useless as going to a goat's house for wool or shearing swine for fleece,[3] and that since the mode of service is not prescribed in *Code Ann.* § 6-911, we ought to adopt and approve the practice generally recognized in other jurisdictions as being consonant with the needs of modern methods, times and practice, as stated in 4 Am. Jur. 2d 894, Appeal and Error, § 441: "When no mode of service is prescribed by statute, it is sufficient if the case made was actually received by the opposite party or his attorney within the required time, and the mode of service is immaterial."

This rule, though practical and sensible, is inconsistent with the common-law concept of our appellate procedure. It could not be recognized or employed save by the adoption of a procedure as outlined in the Federal Rules[4] or their equivalent. We are bound by the interpretations of *Code Ann.* § 6-911 heretofore made, requiring personal service, some of which we have cited above. Under these cases no valid service can be perfected unless the statute is faithfully followed.[5]

■ The entry of service or certificate of service cannot be amended. *Ginn v. Ginn,* 202 Ga. 292 (1), supra; *Thomas v. Macken,* 37 Ga. App. 624 (141 SE 316). Thus the determination of whether there has been a valid service must be made upon

---

[3]"[T]he law does not require vain and useless procedure. . ." *Mutual Benefit Health &c. Assn. v. Hickman,* 100 Ga. App. 348, 368 (111 SE2d 380); *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311, 313 (130 SE2d 236); *Johnson v. State,* 215 Ga. 839, 840 (114 SE2d 35).

[4]See Rule 73 (b) of the Federal Rules of Civil Procedure and Rule 37 of the Federal Rules of Criminal Procedure.

[5]Even personal service by the secretary of the attorney for plaintiff in error will not suffice, *Smith v. Georgia Power Co.,* 94 Ga. App. 164 (1) (94 SE2d 97), nor can it be done by delivering a copy to the secretary of the attorney for defendant in error, *Stovall v. Ledbetter,* 99 Ga. App. 400 (108 SE2d 719), or by leaving a copy at the office of the attorney. *South Side Atlanta Bank v. Anderson,* 200 Ga. 322 (4), supra; *Cohen v. Blum,* 17 Ga. App. 737 (88 SE 409). Where service is made by leaving a copy at the residence of the attorney for defendant in error it

an examination of the entry or the certificate attached to the bill of exceptions as it comes to this court.[6]

But assuming that the certificate was amendable, the proffered amendment here would not show a valid service.

While it may be questioned that the refusal of counsel to acknowledge service on the brief of the evidence coupled with his statement that there would be no acknowledgment or waiver as to "any other pleadings, motions or documents in said case" amounts to a refusal to waive or acknowledge service on the bill of exceptions, which was not at that time in existence, yet if it be assumed that this did amount to a refusal by Mr. Boatright, the result is not so Draconian as is urged, for there were left ample methods and means of perfecting service within the requirements of the statute. It was not a refusal by the other attorneys who represented the defendant in error (two in number), and a waiver or acknowledgment might have been obtained from either of them. If they should join in Mr. Boatright's refusal to waive or acknowledge, service might have been perfected without the waiver or acknowledgment by delivery of

---

must affirmatively appear that the defendant in error is a nonresident of the county. *Bank of Southwestern Ga. v. Tillman,* 94 Ga. 731 (20 SE 4); *Sanders v. Sanders,* 163 Ga. 770 (137 SE 15); *Connell v. Waddell,* 26 Ga. App. 307 (106 SE 20). The act of 1953 amending *Code Ann.* § 6-911 so as to permit service to be shown by the unverified certificate of counsel did not have the effect of authorizing service by mail. *Atlanta Newspapers, Inc. v. Watts,* 92 Ga. App. 843 (2) (90 SE2d 52). Certification of personal service by the plaintiff in error *pro se* is held insufficient. *Goodman v. Balkcom,* 217 Ga. 169 (121 SE2d 646).

[6]The strictness of this principle is illustrated in *Peoples Loan &c. Corp. v. Cy Owens, Inc.,* 102 Ga. App. 628 (117 SE2d 188) where the bill of exceptions was dismissed because the certificate of service was unsigned although otherwise proper. The record in this court shows that the attorney for plaintiff in error offered an affidavit that the service was *personal* and that the certificate was left unsigned "through inadvertence and oversight," but the affidavit was not considered and did not avoid the dismissal.

a copy to either of them[7] in person. If that could not, for any reason, be accomplished, a waiver or acknowledgment might have been obtained from the defendant in error herself, or service might have been perfected by delivering to her a copy of the bill of exceptions. And if counsel for the plaintiff in error could not do it himself, he could have had personal service perfected on either of counsel or upon the defendant in error at the hands of the sheriff, who is empowered and whose duty it is to serve any process, writ, order or court paper requiring service when a copy is delivered to him for that purpose. *Edwards v. United Food Brokers, Inc.,* 195 Ga. 1, 5. (1b) (22 SE2d 812). A bailiff may do it. *State Hwy. Dept. v. Stewart,* 104 Ga. App. 178, 179 (121 SE2d 278).

In any event, valid service of the bill of exceptions, or due and legal waiver or acknowledgment thereof, is essential to give this court jurisdiction of the cause. *Crane v. Balkcom,* 217 Ga. 288 (122 SE2d 82). Since it does not appear here, we have no choice. The writ of error is

*Dismissed. Felton, C. J., and Russell, J., concur.*

---

[7]The statute does not require that there be service of the bill of exceptions on *all* of the attorneys who may have represented the defendant in error. It is sufficient if service is made on an attorney who procured the judgment, order or decree excepted to. *Clark v. The Pigeon Roost Mining Co.,* 29 Ga. 29. Hence, if he had more than one attorney, service on only one of them is sufficient. *Hulsey v. Atlanta Transit System,* 214 Ga. 210 (104 SE2d 94).