CORLEY & DORSETT, plaintiffs in error, *vs.* GEORGIA RAIL-
ROAD AND BANKING COMPANY, defendant in error.

Where there is no certificate of the clerk attached to the bill of excep-
tions, but in the same package therewith is found a certificate in the
usual form, but having no entry thereon designating to which case it
belonged, which the clerk of this court stated was received after the
other papers in the case, it having been forwarded in response to a let
ter by him to the clerk of the court below informing him that he had
failed to forward such certificate with the papers, the writ of error wil
be dismissed.  (R.)

Bill of exceptions.  Practice in the Supreme Court.  Jan-
uary Term, 1875.

The above head-note reports this case.

J. J. FLOYD ; L. L. MIDDLDBROOKS, for plaintiffs in error.

CLARK & PACE, for defendant.

---

SARAH C. GRADY, trustee, *et al.*, plaintiffs in error, *vs.* NA-
THANIEL H. BARDEN, defendant in error.

The fact that the defendant in error was the clerk of the superior court
who certified the transcript of the record and the bill of exceptions,
does not cure the absence of service.  (R.)

Service.  Officers.  Practice in the Supreme Court.  Jan-
uary Term, 1875.

When this case was called a motion was made to dismiss
the writ of error because no service appeared on the bill of
exceptions.  It was replied that the defendant in error was
the clerk of the superior court who certified the record and
bill of exceptions, and therefore had full notice of all the pro-
ceedings in the case.  The writ of error was dismissed.

B. H. BIGHAM ; F. M. LONGLEY, by brief, for plaintiffs
in error.

E. H. WORRILL; JAMES M. MOBLEY, for defendant.