## HEWELL *v.* THE STATE.

CANDLER, J. What purports to be an acknowledgment of service of the bill of exceptions not being indorsed upon or annexed to that paper, but appearing in this court as a detached writing, the writ of error must, under the ruling of this court in the case of *Crow* v. *State*, 111 *Ga.* 645, be dismissed.
*Writ of error dismissed. All the Justices concur.*

Argued June 15,—Decided June 26, 1903.

Motion to dismiss the writ of error.

*T. V. Lester*, for plaintiff in error.
*A. O. Blalock, solicitor*, and *E. E. Spurlin*, contra.

---

## GREEN *v.* THE STATE.

FISH, J. 1. In assigning error upon the refusal of a trial judge to allow a witness to be interrogated as to a particular matter, it must be made to affirmatively appear, not only what was the testimony sought to be elicited from the witness, but that the party calling him fully informed the court as to his purpose in wishing to interrogate the witness with regard to such matter, and what answers to the questions propounded to him were anticipated. *Freeman* v. *Mencken*, 115 *Ga.* 1017.

2. The evidence upon which the State relied for a conviction in the present case fully sustained the verdict returned by the jury.
*Judgment affirmed. All the Justices concur.*

Argued June 15,—Decided June 26, 1903.

Accusation of assault and battery. Before Judge Hodges. City court of Macon. May 1, 1903.

*Glawson & Fowler*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.