## IVEY v. McWILLIAMS.

No. 10051. APRIL 12, 1934.

*V. K. Meador,* for plaintiff in error. *R. R. Jackson,* contra.

BECK, P. J. A motion was made by the defendant in error to dismiss the writ of error, on the ground that there was no proper service of the bill of exceptions or waiver thereof. The only entry made by counsel for plaintiff in error, immediately after the certificate of the judge, is: "I hereby certify that I have this day served G. D. McWilliams, defendant in error, with a copy of the foregoing bill of exceptions. This October 31, 1933." This entry is not verified by any affidavit. Under the statute, only a party served according to law is a defendant in error in the Supreme Court. The service in this case is not sufficient to comply with the law. "A mere statement entered on a bill of exceptions, and signed by counsel for plaintiff in error, to the effect that he has served a copy of the bill of exceptions and certificate of the court on counsel for defendant in error, without any affidavit as to such service, is not sufficient, and the case brought up by such bill of exceptions will be dismissed on motion." *Westfield* v. *Toccoa City,* 80 *Ga.* 735 (6 S. E. 471). It was also said in that case, that such an entry of service being insufficient, the want of proper service can not be cured by the filing of an affidavit in this court by the counsel who made the entry, to the effect that the statement therein contained was true. See also *Smith* v. *McKnight,* 28 *Ga. App.* 732 (113 S. E. 48). *Writ of error dismissed. All the Justices concur.*