MAULDIN *v.* MAULDIN.

DUCKWORTH, Presiding Justice.   Within ten days after the bill of exceptions has been signed and certified the plaintiff therein must serve a copy thereof upon the opposite party or his counsel with a return of such service or an acknowledgment of service entered upon or annexed to the bill of exceptions. Code, § 6-911. Without such service the Supreme Court has no jurisdiction and the writ of error must be dismissed. *Seliger* v. *Coker*, 105 *Ga.* 512 (31 S. E. 185); *Conner* v. *Flanders*,

124

129 *Ga.* 734 (59 S. E. 771); *Johnson* v. *McKelvin,* 150 *Ga.* 812 (105 S. E. 600); *Ham* v. *Preston,* 152 *Ga.* 244 (109 S. E. 505); *Davis* v. *Gillespie,* 180 *Ga.* 850 (181 S. E. 167); *Conaway* v. *Scott,* 194 *Ga.* 841 (22 S. E. 2d, 806).

(*a*) The new rule enacted in 1946 (Ga. L. 1946, pp. 726, 734), to become a part of Chapter 6 of the Code of 1933, and requiring the trial judge before certifying the bill of exceptions to provide for reasonable notice to the opposite party or his counsel, and thus afford an opportunity to be heard on the question as to whether or not the bill of exceptions as tendered is correct, was not intended to and does not alter or change the above-stated requirement of service after the bill of exceptions has been certified. No entry of service nor an acknowledgment of service appearing upon the present bill of exceptions, this court is without jurisdiction, and the writ of error must be dismissed.

*Writ of error dismissed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16034. DECEMBER 1, 1947.

*Robert R. Forrester* and *Williamson & Crowe,* for plaintiff. *James H. Pate,* for defendant.