31990. SALVATION ARMY *v.* ELEVENTH HOUR SERVICE INCORPORATED.

DECIDED APRIL 29, 1948. REHEARING DENIED MAY 26, 1948.

*Robert H. Jones, Alex M. Hitz,* for plaintiff in error.
*Lokey & Bowden,* contra.

SUTTON, C. J. The plaintiff in error prepared its bill of exceptions to this court and tendered the same to counsel for the defendant in error, who, on February 9, 1948, certified on the proposed bill of exceptions the following: "We hereby certify that copy of the above and foregoing Bill of Exceptions, including therein the approved brief of evidence, was delivered to us for inspection on February —, 1948, and that we approve the same as correct and complete as to the averments of fact therein," and this was signed by counsel for the defendant in error. There is no other entry as to any kind of service on the bill of exceptions. Subsequently, on February 13, 1948, the trial judge signed and certified this bill of exceptions and it was duly transmitted to this court. The defendant in error, on April 1, 1948, and before the case came on for a hearing in this court, filed a written motion to dismiss the writ of error for want of service,

and avers that it was not served with a copy of the bill of exceptions as required by law, and that it did not waive such service, nor had such service been perfected upon or waived by counsel of record for the defendant in error or his counsel.

■ Within ten days after the bill of exceptions has been signed and certified, the plaintiff therein must serve a copy thereof upon the opposite party or his counsel with a return of such service or an acknowledgment of service entered upon or annexed to the bill of exceptions. Code, § 6-911. It has been repeatedly ruled by this court and the Supreme Court that without such service, the appellate court is without jurisdiction to entertain the writ of error and the same must be dismissed. *Seliger* v. *Coker*, 105 *Ga.* 512 (31 S. E. 185); *South Side Atlanta Bank* v. *Anderson*, 200 *Ga.* 322 (1, 2) (37 S. E. 2d, 404); *Swint* v. *Brown*, 21 *Ga. App.* 624 (94 S. E. 816); *Firemen's Fund Indemnity Co.* v. *Goss*, 69 *Ga. App.* 25 (24 S. E. 2d, 736).

■ "In cases where the defendant in error named in a bill of exceptions is represented by an attorney at law or appears in propria persona, the judge, before certifying the bill of exceptions, shall require reasonable notice to such attorney or such party and afford him an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete. If an attorney of record for a defendant in error, or such party, in writing waives this privilege or in writing approves the bill of exceptions as correct and complete as to the averments of fact therein this requirement shall be deemed waived. Such waiver shall be attached to the bill of exceptions as an exhibit thereto." Code (Ann. Supp.), § 6-908.1. (Ga. L. 1946, pp. 726, 735). This latter rule, enacted in 1946, was not intended to and does not alter or change the requirements of service or acknowledgment of service of a bill of exceptions as previously required by law. This principle was ruled by the Supreme Court in the recent case of *Mauldin* v. *Mauldin*, 203 *Ga.* 123 (45 S. E. 2d, 818).

■ The plaintiff in error contends that the above-quoted entry on the bill of exceptions is a sufficient acknowledgment of service of the bill of exceptions and the same should not be dismissed, and cites and relies upon Code § 6-912 as authority in support of this contention. This Code section provides, substantially, as

follows: Where a bill of exceptions is served upon counsel of record, such service shall bind all parties whom that counsel represented in the trial court, and where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be a complete waiver of all defects in service which the counsel is legally competent to waive, whether done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him, and if such acknowledgment of service is properly entitled in the cause, it need not be physically attached to the bill of exceptions. The contention of the plaintiff in error in this respect cannot be sustained.

In the present case, the certificate of counsel for the defendant in error is not an acknowledgment of service, as provided for in Code § 6-912, nor a waiver of service, but is a certificate in compliance with the provisions of the new rule set out in Code (Ann. Supp.), § 6-908.1, and the ruling in *Mauldin* v. *Mauldin,* supra, is applicable and controlling in this case; and no entry of service or acknowledgment of service appearing on the bill of exceptions, this court is without jurisdiction to entertain the same, and the writ of error must be dismissed.

*Writ of error dismissed. Felton and Parker, JJ., concur.*