HARPER *v.* ATLANTA & WEST POINT RAILROAD COMPANY.

HEAD, Justice. The action of the plaintiff in error to recover damages for personal injuries was dismissed on demurrer. The new Rules of Practice and Procedure (Ga. L. 1946, pp. 726, 735, Code, Ann. Supp., § 6-908.1) were complied with by counsel for the plaintiff in error, in that such counsel certified that written notice was given of the intention of the plaintiff in error to present to the presiding judge the bill of exceptions at a stated time for approval and certification. The bill of exceptions was not served as provided by the Code, § 6-911. The bill of exceptions was transmitted to the Court of Appeals, and that court divided three and three as to whether or not the petition stated a cause of action (SUTTON, C. J., and MACINTYRE and PARKER, JJ., being of the opinion that the judgment sustaining the demurrer should be affirmed; FELTON, GARDNER and TOWNSEND, JJ., being of the opinion that the judgment sustaining the demurrer should be reversed).. The case was transferred to this court as provided by the Constitution, art. 6, sec. 2, par. 4 (Code, Ann. Supp., § 2-3704). Counsel for the defendant in error did not file any motion to dismiss the writ of error for want of service, but in oral argument before this court called attention to the fact that the bill of exceptions had not been served, and that service had not been acknowledged by counsel for the defendant in error. In response to an order from this court to show cause why the bill of exceptions should not be dismissed for want of service, counsel for both parties have responded with briefs. Counsel for the plaintiff in error take the position that, there having been no written motion to dismiss as required by the rules of this court, and the case having been argued in the Court of Appeals without any motion to dismiss, counsel for the defendant in error have waived the failure to serve the bill of

exceptions. It is conceded by counsel for the defendant in error that failure to serve the bill of exceptions was not noted until the case was assigned for argument in this court, and that as counsel they were not inconvenienced, in the preparation of briefs and in the argument in the Court of Appeals, by the failure to serve. *Held:·*

Regardless of the contentions of the plaintiff in error and of the admissions of counsel for the defendant in error, the provision of the Code, § 6-911, requiring service of a bill of exceptions, unless waived in writing, is mandatory, and without such service this court is without jurisdiction. Conduct of counsel for the defendant in error in appearing either by brief or oral argument, or both; or in failing to make a proper motion to dismiss the writ of error where no service has been perfected as required by law; or in making an oral acknowledgment of service; is insufficient to confer jurisdiction on this court, and the writ of error must be dismissed. See *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818).

*Writ of error dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16305. SEPTEMBER 15, 1948.

*Dyer & Lipford, Victor K. Meador,* and *Myer Goldberg,* for plaintiff.

*Walter D. Sanders* and *Heyman, Howell & Heyman,* for defendant.