### 32139. STEPP v. NORTH GEORGIA FEED & FERTILIZER COMPANY.

SUTTON, C. J. The following certificate of counsel for the defendant in error is entered on the bill of exceptions in this case: "The foregoing bill of exceptions approved as correct and complete as to the averments of fact contained therein. This 4th day of June, 1948." There is no other entry as to any kind of service on the bill of exceptions. The trial judge signed and certified this bill of exceptions on June 4, 1948, and it was duly transmitted to this court.

1. Within ten days after the bill of exceptions has been signed and certified, the plaintiff therein must serve a copy thereof upon the opposite party or his counsel, with a return of such service or an acknowledgment of service entered upon or annexed to the bill of exceptions. Code, § 6-911. It has been repeatedly ruled by this court and the Supreme Court that, without such service or acknowledgment of service, the appellate court is without jurisdiction to entertain the writ of error and the same must be dismissed. *Seliger* v. *Coker,* 105 *Ga.* 512 (31 S. E. 185); *Davis* v. *Gillespie,* 180 *Ga.* 850 (181 S. E. 167); *Warnock* v. *Woodard,* 183 *Ga.* 367 (188 S. E. 336); *South Side Atlanta Bank* v. *Anderson,* 200 *Ga.* 322 (1, 2) (37 S. E. 2d, 404); *Swint* v. *Brown,* 21 *Ga. App.* 624 (94 S. E. 816); *Smith* v. *McKnight Bros.,* 28 *Ga. App.* 732 (3) (113 S. E. 48); *Lee* v. *Weston,* 36 *Ga. App.* 194 (136 S. E. 165); *Firemen's Fund Indemnity Co.* v. *Goss,* 69 *Ga. App.* 25 (24 S. E. 2d, 736).

2. Code (Ann.) § 6-908.1 (Ga. L. 1946, pp. 726, 735) provides: "In cases where the defendant in error named in a bill of exceptions is represented by an attorney at law or appears in propria persona, the judge, before certifying the bill of exceptions, small require reasonable notice to such attorney or such party and afford him an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete. If an attorney of record for a defendant in error, or such party, in writing waives this privilege or in writing approves the bill of exceptions as correct and complete as to the averments of fact therein this requirement shall be deemed waived. Such waiver shall be attached to the bill of exceptions as an exhibit thereto." This rule was not intended to and does not alter or change the requirements of service or acknowledgment of service of a bill of exceptions as previously required by law. This was ruled by the Supreme Court in *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818); and by this court in *Salvation Army* v. *11th Hour Service Inc.,* 77 *Ga. App.* 196 (47 S. E. 2d, 893); and by the Supreme Court in *Harper* v. *Atlanta & West Point R. Co.,* 204 *Ga.* 311 (49 S. E. 2d, 513).

3. The certificate of counsel for the defendant in error, which appears on the bill of exceptions in the present case, is not an acknowledgment of service, nor a waiver of service, under Code § 6-911 or under Code § 6-912, but is a certificate or an acknowledgment under the provisions of the new rule contained in Code (Ann.) § 6-908.1, and the rulings in *Mauldin* v. *Mauldin,* supra, *Salvation Army* v. *11th Hour Service Inc.,* supra, and *Harper* v. *Atlanta & West Point R. Co.,* supra, are applicable and controlling in the present case. No entry of service or acknowledgment of service appearing on the bill of exceptions in this case, this

court is without jurisdiction to entertain the same, and the writ of error must be dismissed. This court will take notice of its own lack of jurisdiction (*Van Ormer* v. *Harris,* 184 *Ga.* 411, 191 S. E. 378); and "if the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." Code, § 24-3635 (Rule 35 of the Court of Appeals). *Writ of error dismissed. Felton and Parker, JJ., concur.*

DECIDED OCTOBER 2, 1948. REHEARING DENIED DECEMBER 9, 1948.

*Ed Quillian,* for plaintiff in error.
*Joe K. Telford,* contra.