32677, 32678. HENDRIX *v.* TOLEDIOUS (two cases).

SUTTON, C. J. The following appears on the bill of exceptions in each of these cases: "To Nick Toledious and Harris and Harris, his attorneys of record: Gentlemen: You are hereby notified that we are presenting as statement to the Judge of the Floyd Superior Court the foregoing bill of exceptions for approval in said case as provided by law." This notice is signed by Chas. W. Anderson and John S. Boswell as attorneys for the plaintiff in error. Underneath this notice in each case is the following: "As due and legal service, the foregoing notice is hereby acknowledged and copy received. This 11th day of July, 1949." This notice is signed by J. L. Wallace and Harris & Harris as attorneys for the defendant in error. There is no other entry as to any kind of service on either of the bills of exceptions.

1. "Within ten days after the bill of exceptions has been signed and certified, the plaintiff therein must serve a copy thereof upon the opposite party or his counsel, with a return of such service or an acknowledgment of service entered upon or annexed to the bill of exceptions. Code, § 6-911. It has been repeatedly ruled by this court and the Supreme Court that, without such service or acknowledgment of service, the appellate court is without jurisdiction to entertain the writ of error and the same must be dismissed." *Stepp* v. *North Georgia Feed & Fertilizer Co.*, 78 *Ga. App.* 240 (1) (50 S. E. 2d, 377), and citations.

2. Code (Ann. Supp.) § 6-908.1 (Ga. L. 1946, pp. 726, 735), provides: "In cases where the defendant in error named in a bill of exceptions is repre-

sented by an attorney at law or appears in propria persona, the judge, before certifying the bill of exceptions, shall require reasonable notice to such attorney or such party and afford him an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete. If an attorney of record for a defendant in error, or such party, in writing waives this privilege or in writing approves the bill of exceptions as correct and complete as to the averments of fact therein this requirement shall be deemed waived. Such waiver shall be attached to the bill of exceptions as an exhibit thereto." This rule was not intended to and does not change the requirements of service or acknowledgment of service of a bill of exceptions as previously required by law. See *Mauldin* v. *Mauldin*, 203 *Ga.* 123 (45 S. E. 2d, 818); *Harper* v. *Atlanta & West Point R. Co.*, 204 *Ga.* 311 (49 S. E. 2d, 513); *Salvation Army* v. *11th Hour Service Inc.*, 77 *Ga. App.* 196 (47 S. E. 2d, 893); *Stepp* v. *North Georgia Feed &c. Co.*, 78 *Ga. App.* 240 (supra).

3. There being no entry of service or acknowledgment of service of the bill of exceptions in either of these cases, this court is without jurisdiction to entertain the same, and the writs of error must be dismissed.

*Writ of error dismissed in each case. Felton and Worrill, JJ., concur.*

DECIDED OCTOBER 14, 1949.

*Charles W. Anderson, John S. Boswell*, for plaintiffs.
*J. L. Wallace, Harris & Harris*, for defendant.

