## Jones et al. v. Dinkins et al.

Candler, Justice. "In order for an acknowledgment of service entered upon a bill of exceptions and signed by one other than the defendant in error to evidence legal service thereof, it must affirmatively appear that the person signing such acknowledgment was the attorney for the defendant in error. When this does not appear, either from the bill of exceptions or the record, the writ of error will be dismissed." *Redman* v. *Hitchins*, 113 Ga. 380 (38 S. E. 819).

While no motion has been made to dismiss the writ of error for want of service upon L. A. Slade, one of the designated defendants in error, nevertheless, this court has no jurisdiction, and must, with or without motion therefor, dismiss the writ of error when any person named as a defendant in error has not been legally served with a copy of the bill of exceptions after it is signed and certified by the trial judge, there being no acknowledgment of service or waiver thereof in the record. *Mauldin* v. *Mauldin*, 203 Ga. 123 (45 S. E. 2d, 818); *State ex rel. Dawson* v. *Denmark*, 204 Ga. 464 (49 S. E. 2d, 898). No service of the bill of exceptions in this case was made upon the defendant in error L. A. Slade. Attached to the bill of exceptions is an acknowledgment signed, "S. M. Mathews and Clarence W. Walton, attys. for defendant in error." There is nothing in the record or the bill of exceptions to

indicate that they represented L. A. Slade in the court below, or that they represent him here. On the contrary, it affirmatively appears from the record that they, in the trial court, represented those plaintiffs whose interest was antagonistic to the defendant L. A. Slade, and their clients sought affirmative relief from him as an opposite party. So we must and do conclude that the acknowledgment of service as signed by Mathews and Walton, as attorneys for "defendant in error," did not include the defendant in error L. A. Slade, even if it were sufficient to include all of the defendants in error represented by them in the court below. There being neither service, acknowledgment nor waiver thereof in the present case as to the defendant in error Slade, we are constrained to dismiss the writ of error for want of jurisdiction. See *Curey* v. *Hitch*, 57 *Ga.* 197; *Smith* v. *Eckles & Abercrombie*, 65 *Ga.* 326; *Allen* v. *Cravens*, 68 *Ga.* 554 (2); *Inman* v. *Estes*, 104 *Ga.* 645 (30 S. E. 800); Code, §§ 6-911, 6-912.

*Writ of error dismissed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17913. SUBMITTED JUNE 9, 1952—DECIDED JULY 14, 1952.

*Jule & A. C. Felton III* and *Culpepper & Culpepper*, for plaintiffs in error.

*Clarence W. Walton* and *Sam M. Mathews*, contra.

*Writ of error dismissed. All the Justices concur, except Atkinson, P.J., not participating.*