34457.   HALL MOTORS INC. *v.* DECATUR LINCOLN
MERCURY COMPANY INC.

DECIDED JANUARY 27, 1953—REHEARING DENIED MARCH 17, 1953.

*Frank A. Bowers, Frank Grizzard, Noah J. Stone,* for plaintiff in error.

*McFarland & Cooper,* contra.

GARDNER, P. J. No motion is made to dismiss the writ of error. However, in matters affecting the jurisdiction of this court to entertain a writ of error, we must act ex mero motu. Service of the bill of exceptions on the defendant in error or its counsel, or proper acknowledgment thereof by such party or its counsel or the due and legal waiver thereof, as provided by Code § 6-911, is absolutely essential to confer jurisdiction on this court to entertain the writ of error. *Southside Atlanta Bank* v. *Anderson,* 200 *Ga.* 322 (3) (37 S. E. 2d, 404), and cit.; *Irwin* v. *LeCraw,* 206 *Ga.* 702 (58 S. E. 2d, 383) and cit. An unverified certificate by counsel for the plaintiff in error that he has on the date named, as counsel for the plaintiff in error, served the counsel of record for the defendant in error with a copy of the bill of exceptions by delivering the same in person to a named member of the firm of attorneys representing the defendant in error in the cause—no other service, waiver thereof, or acknowledgment appearing—does not confer jurisdiction on this court, and the writ of error, even in the absence of a motion therefor, must be dismissed. *Anderson* v. *Humphries,* 140 *Ga.* 368 (78 S. E. 1079); *Smith* v. *McKnight Brothers,* 28 *Ga. App.* 732 (113 S. E. 48); *Bray* v. *Langley,* 169 *Ga.* 733 (151 S. E. 376); *Ivey* v. *McWilliams,* 178 *Ga.* 760 (174 S. E. 354); *Sistrunk* v. *Lipscomb-Weyman-Connors Co.,* 179 *Ga.* 48 (2) (175 S. E. 12). Service of such bill of exceptions can not be shown in the Court of Appeals after the writ of error has been filed in said court. *Johnson* v. *McKelvin,* 150 *Ga.* 812 (105 S. E. 600).

The defendant in error cannot confer jurisdiction upon this court by appearing and filing briefs in the appellate court and making no motion to dismiss the writ of error. See *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818); *Harper* v. *A. & W. P. R. Co.,* 204 *Ga.* 311 (49 S. E. 2d, 513); *West Lumber Co.* v. *Harris,* 204 *Ga.* 343 (50 S. E. 2d, 15). The act of 1946 (Ga. L. 1946, p. 726 et seq.) made no change in the provisions of Code § 6-911. *Harper* v. *A. & W. P. R. Co.,* supra; *Mauldin* v. *Mauldin,* supra. No part of said act was intended to change or changed the requirements of service or acknowledgment of serv-

ice as previously provided by law. *Hendrix* v. *Toledious*, 80 *Ga. App.* 160, 161 (55 S. E. 2d, 752), and cit.; *Godwin* v. *Atlanta Steel Co.*, 82 *Ga. App.* 391 (61 S. E. 2d, 155).

It follows that the unverified statement and certificate of counsel for the plaintiff in error that he had delivered a copy of the bill of exceptions to counsel of record for the defendant in error in person is not sufficient and the writ of error must be *Dismissed. Townsend and Carlisle, JJ., concur.*