34348.   BLACK *v.* THE STATE.

DECIDED FEBRUARY 13, 1953.

*Limerick L. Odom, Thomas M. Odom,* for plaintiff in error.

GARDNER, P. J.   The bill of exceptions was certified by the trial judge on September 25, 1952, and was transmitted by the Clerk of Screven Superior Court, together with the record specified therein, to this court on October 4, 1952.   To the bill of exceptions there appears the certificate of Judge J. L. Renfroe in the customary and proper language, and also attached appears an affidavit of one of defendant's counsel that he believes the defendant has good ground for reversal of the judgment excepted to.   There does not appear in the record anything indicating that the defendant's counsel, prior to presenting the bill of exceptions to the trial judge for certification, made any effort to comply with the provisions of the act of 1946 (Ga. L. 1946, p. 726 et seq.), appearing in the Publisher's Pocket Edition Supplement to the 1933 Ga. Code, Ann., as § 6-908.1, relative to presentation of the bill first to the opposing counsel, and obtaining approval of the recitals of fact or waiver thereof.   There

is not in the record before this court anything indicating that the bill of exceptions was duly and legally served on the solicitor-general of the circuit, or that he acknowledged or waived such service, as provided under Code § 6-911 or § 6-912. In order to confer jurisdiction on this court the bill of exceptions must be served, or there must be due and legal waiver of such service, or proper acknowledgment thereof. One of the foregoing is essential. Service of the bill of exceptions is jurisdictional. See *Davis* v. *Gillespie,* 180 *Ga.* 850 (3) (181 S. E. 167); *Georgia, F. & A. R. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15); *Lott* v. *City of Waycross,* 152 *Ga.* 237, 242 (110 S. E. 217); *Smith* v. *McKnight,* 28 *Ga. App.* 732 (3) (113 S. E. 48); *Irwin* v. *LeCraw,* 206 *Ga.* 702 (58 S. E. 2d, 383), and cases cited. When it does not appear from the record in this court that there has been any service of the bill of exceptions, and no acknowledgment of such service or waiver duly and legally effected appears, this court is without jurisdiction even though no motion is made to dismiss the writ of error.

The fact that the defendant in error (State of Georgia) makes no motion to dismiss the bill of exceptions, and appears in this court by written argument and brief of law in opposition to the alleged errors assigned by the accused in the bill of exceptions, does not serve to vest this court with jurisdiction to pass upon the alleged errors set out in such unserved bill of exceptions. *Harper* v. *A. & W. P. R. Co.,* 204 *Ga.* 311 (49 S. E. 2d, 513); *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818).

It follows that the writ of error must be dismissed.

*Writ of error dismissed. Townsend and Carlisle, JJ., concur.*