18304. CONLEY HOUSING CORPORATION *v.* COLEMAN,
Tax Commissioner, *et al.*

HEAD, Justice. 1. The rule providing for reasonable notice to the opposite party or his counsel and an opportunity to be heard on the question as to whether or not a bill of exceptions is correct before certification by the trial judge (Ga. L. 1946, pp. 726, 735; Code, Ann. Supp., § 6-908.1) was not intended to, and does not, in any way modify, limit, or repeal the requirement for service of the bill of exceptions after it has been certified. Code § 6-911; *Mauldin* v. *Mauldin,* 203 *Ga.* 123, 124 (45 S. E. 2d 818).

2. In the present case counsel for the defendants in error approved "the foregoing bill of exceptions as correct and complete as to the facts herein stated." On the next day the judge of the superior court certified the bill of exceptions. Clearly the acknowledgment signed by counsel was in accord with the rule requiring notice and an opportunity to be heard (Ga. L. 1946, pp. 726, 735; Code, Ann. Supp., § 6-908.1), and was not an acknowledgment of service or waiver of service of the bill of exceptions, as provided by the Code, §§ 6-911, 6-912. It follows that this court is without jurisdiction of the writ of error and it must be dismissed. *Irwin* v. *LeCraw,* 206 *Ga.* 702 (58 S. E. 2d 383), and cases cited.

*Writ of error dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1953—DECIDED OCTOBER 13, 1953—
MOTION TO VACATE JUDGMENT DENIED NOVEMBER 12, 1953.

*Rollins & Lucas, Arthur Rollins, Jr., Wm. E. Lucas,* for plaintiff in error.

*Broadus B. Zellars, Wm. H. Reynolds, Eugene Cook, Attorney-General, George E. Sims, Jr., Assistant Attorney-General, John W. Wilcox, Jr.,* contra.

ON MOTION TO VACATE.

It is insisted that the clerk of the trial court failed to send up a certificate of service of the bill of exceptions, and that this certificate is now before this court. Had the alleged unverified certificate of service been attached to the bill of exceptions, it would have been insufficient to confer jurisdiction, and the writ of error would necessarily have been dismissed. See *Ivey* v. *McWilliams,* 178 *Ga.* 760 (174 S. E. 354); *Sistrunk* v. *Lipscomb-Weyman-Connors Co.,* 179 *Ga.* 48 (175 S. E. 12); *Ginn* v. *Ginn,* 202 *Ga.* 292 (42 S. E. 2d 923). After a bill of exceptions has been dismissed for want of service, it is too late for counsel to

waive service and agree that the case may be heard under Code § 6-911 (3).

*Motion denied. All the Justices concur, except Duckworth, C. J., not participating.*