### 35855. LE BLANC *v.* JOLLY.

TOWNSEND, J. "Counsel for a party may acknowledge service and waive all defects in the service of a bill of exceptions before it is certified by the trial judge under the Code, § 6-912, but unless such acknowledgment and waiver are made the bill of exceptions must be served after it has been certified by the judge and in the manner provided by law." *Bush* v. *Smith,* 77 *Ga. App.* 329 (48 S. E. 2d 582). The Supreme Court has many times held that acknowledgment of service of notice of presentation of the bill of exceptions to the trial court under Code (Ann. Supp.) § 6-908.1 is not acknowledgment of service of the bill of exceptions after the same has been certified, nor is it a waiver of such service. See *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d 818); *Bardin* v. *Wender Realty Co.,* 210 *Ga.* 243 (78 S. E. 2d 785). In like manner, an acknowledgment of service of the notice to present to the trial court a brief of the evidence under Code § 6-802, in the following language: "Due and legal service of the above and foregoing notice is hereby acknowledged, copy received together with copy of the bill of exceptions," which acknowledgment is dated July 6, 1955 (the record showing that the bill of exceptions was not signed and certified until July 8, 1955), is not an acknowledgment of service of the bill of exceptions in accordance with Code § 6-911, nor does it constitute a waiver of such service. Accordingly, the motion of the defendant in error to dismiss the bill of exceptions for lack of service is granted, and the bill of exceptions is

    *Dismissed. Gardner, P. J., and Carlisle, J., concur.*

    DECIDED SEPTEMBER 28, 1955.

*Sam G. Dettelbach,* for plaintiff in error.
*Robert P. McLarty, Eugene R. Simons,* contra.