19338. Stewart Oil Co., Inc. *v.* Schell.

Mobley, Justice. 1. The following language appears upon the bill of exceptions: "Due and legal service of the within bill of exceptions acknowledged; copy and all other and further notice and service waived. This 3/19/1956. Notice as required under Section 6.908.1 of the Code as amended is waived. This 19th day of March 1956. [s] E. R. Lambert, R. C. Whitman, attorney for Defendant in Error." The bill of exceptions was signed by the trial judge on March 17, 1956. Though the second sentence quoted above is restrictive in its terms, it is in no way restrictive of the plenary acknowledgment and waiver expressed in the first sentence. The motion to dismiss the bill of exceptions for failure to comply with Code (Ann. Supp.) § 6-911 is without merit.

2. Where, on December 7, 1954, the defendant was served with a petition and process requiring him to appear and answer the complaint of the plaintiff within 30 days from the time of such service, a demurrer filed on March 7, 1955, was not filed within the required time, and was properly disallowed upon this ground. Code (Ann. Supp.) § 81-301; *Sullivan* v. *Smith*, 209 *Ga.* 325 (72 S. E. 2d 318).

3. A special ground of a motion for new trial which excepts to the admission of testimony on the ground "that the admission of the testimony . . . was immaterial and prejudicial to the defendant," but which does not show how or wherein the testimony was harmful to the defendant is without merit. *Crozier* v. *Goldman*, 153 *Ga.* 162, 163 (2, 3) (111 S. E. 666).

4. Special ground 3 excepts to a portion of the charge, wherein the court instructed the jury that the plaintiff *contended* that the justice of the peace was acting as agent of the defendant and also in his official capacity; and to a further charge upon the law of agency. The objection to the charge was that the justice of the peace was not the agent for the defendant. It is evident that the trial court in giving the charge excepted to was instructing the jury as to the contentions of the plaintiff. This ground is without merit.

5. Mrs. C. W. Schell brought an equitable petition to enjoin the sale of her land under an execution issued by a justice of the peace based upon

a judgment obtained against her by Stewart Oil Company in a suit on open account. She prayed that the judgment be set aside and that the execution be canceled as a cloud upon her title. Though the evidence was conflicting, the jury was authorized to find that the judgment against the petitioner was rendered in the absence of both her and the plaintiff and on the same day that the justice had continued her case until the following term of court. The petitioner did not learn that a judgment was rendered against her until execution had issued and her property was being advertised for sale. To a judgment finding in her favor Stewart Oil Company excepts. *Held:*

In *Field* v. *Peel*, 122 *Ga.* 503, 506 (50 S. E. 346), the question for decision was whether a judgment entered in a justice's court, after a continuance had been granted for the term, was void and attackable by a claimant who was not a party to such judgment, or whether such judgment was merely erroneous and subject to be set aside by the party against whom it was rendered. It was there held: "Such judgment is not void, but merely irregular and subject to be set aside at the instance of the party against whom it is rendered, in some method authorized by law." The verdict was authorized by the evidence, and it was not error to deny the plaintiff in error's motion for new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*

Argued May 15, 1956—Decided July 9, 1956.

*J. A. Mitchell,* for plaintiff in error.
*E. R. Lambert, R. C. Whitman,* contra.