20386.   TANNER *v.* THE STATE.

CANDLER, Justice.   1.   The rule providing for reasonable notice to the opposite party or his counsel and an opportunity to be heard as to whether or not a bill of exceptions is correct before certification by the trial judge (Code, Ann., § 6-908.1) was not intended to, and does not, in any way modify, limit, or repeal the requirement for service of the bill of exceptions, or waiver thereof, after it has been certified. *Mauldin* v. *Mauldin*, 203 *Ga.* 123, 124 (45 S. E. 2d 818); *Conley Housing Corp.* v. *Coleman*, 210 *Ga.* 219 (78 S. E. 2d 503).

2. Respecting service of the bill of exceptions in this case, or waiver thereof, all that the record shows is the following entry, which was signed by Dewey Hayes: "The undersigned, Solicitor-General, attorney for defendant in error in the above stated case, hereby approves the foregoing bill of exceptions

as correct and complete as to the facts therein stated. This the 31 day of December, 1958." The bill of exceptions was certified six days later by the trial judge. While the entry signed by the solicitor-general complied with Code (Ann.) § 6-908.1, requiring reasonable notice of the presentation of a proposed bill of exceptions and an opportunity to be heard as to its correctness before certification, it was not service of the bill of exceptions, or a waiver thereof, as provided for by Code (Ann.) §§ 6-911, 6-912. Since there was neither service of the bill of exceptions nor a waiver thereof, this court has no jurisdiction of the writ of error and it must be dismissed. *Irwin* v. *LeCraw*, 206 *Ga.* 702 (58 S. E. 2d 383), and the cases there cited.

*Writ of error dismissed. All the Justices concur.*

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959—REHEARING DENIED MAY 8, 1959.

*J. W. Waldroup*, for plaintiff in error.

*Dewey Hayes, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General*, contra.