37803. PARKS *v.* COLUMBIA LOAN COMPANY, INC.

DECIDED SEPTEMBER 25, 1959.

240

*Joan Larsen,* for plaintiff in error.
*Franklin B. Anderson,* contra.

NICHOLS, Judge. 1. While no motion to dismiss the bill of exceptions is made in the present case, since the defendant in error raises the question of the court's jurisdiction in its brief, the court feels that such contention should be answered. It is contended that the bill of exceptions was not served on the defendant in error after it was certified by the trial court, and therefore, since this service, required by Code (Ann.) § 6-911, was not perfected, the bill of exceptions should be dismissed although no formal motion has been made.

Prior to the certificate of the trial judge in the bill of exceptions there appears the following acknowledgment of service by the attorney for the defendant in error, dated the same date as the certificate of the trial judge: "Due and legal service of the within and foregoing bill of exceptions is hereby acknowledged; copy received. All other and further notice and service prior to the certification of the same is hereby waived. All other and further service of the said bill of exceptions, after the order of certification by the trial judge, is hereby waived."

Under the decision of this court in *Perry* v. *Smith,* 91 *Ga. App.* 538 (1) (86 S. E. 2d 345), and citations, this acknowledgment of service is sufficient to comply with the requirements of Code §§ 6-911 and 6-912, and the contention of the defendant in error that this court is without jurisdiction of the writ of error is without merit.

2. The trial court found that the defendant was not entitled to an accounting by the plaintiff because he did not rescind the contract until after the plaintiff had filed the trover action against him. Under the law of the case, as established on the prior appearance of the case before this court, the defendant was entitled to an accounting, not because of a failure of consideration, but because under his pleadings he is entitled to an accounting of any moneys and any other consideration given to the plaintiff under the contract before such contract was rescinded by the plaintiff.

The trial court in the present case found the automobile to be worth $220 and rendered judgment for the plaintiff in that amount, and further found that, since the defendant did not attempt to rescind the contract until after the trover action was

instituted, the defendant was not entitled to rescind the contract. Under the law of the case the defendant, under his pleaded answer, was entitled to an accounting, and under the judgment of the trial court he was denied this right, although the uncontradicted evidence showed that the defendant was entitled to some credits under the established law of the case. Therefore, while the amount of the credits was for the trior of facts, the judgment rendered by the trial court without the intervention of a jury was without evidence to support it and contrary to law, and the judgment of the trial court denying the defendant a new trial on his motion, based on the usual general grounds only, must be reversed.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*