### 38110.   THOMPSON *v.* THE STATE.

CARLISLE, Judge.   Service of the notice of intention to present the bill of exceptions and acknowledgement of the service of such a notice under the provisions of Code (Ann.) § 6-908.1 does not constitute a compliance with the provisions of Code (Ann.) § 6-911 providing for service of a copy of the bill of exceptions on the defendant in error or his counsel after its certification by the trial judge. *Salvation Army* v. *Eleventh Hour Service,* 77 *Ga. App.* 196 (4) (47 S. E. 2d 893); *Harrison* v. *Segars,* 79 *Ga. App.* 117 (2) (53 S. E. 2d 126). Without such latter service or an acknowledgement or a waiver thereof by the defendant in error or his counsel, this court is without jurisdiction of the case. *Strickland Motors, Inc.* v. *Hudson,* 84 *Ga. App.* 727 (67 S. E. 2d 253). Accordingly, where counsel for the plaintiff in error presented to the solicitor-general a notice that the bill of exceptions would be tendered or presented to the judge of the superior court for approval at 2 p.m. on November 16, 1959, and where the solicitor signed an acknowledgment that "Due and legal service of the above and foregoing notice is hereby acknowledged, and all other and further *notice* is hereby waived" (italics ours); on November 16, 1959, such notice and acknowledgment thereof was not a compliance with, or a waiver of, the requirements of Code (Ann.) § 6-911 providing for service of the bill of exceptions after its certification by the trial judge. Even if material, extraneous proof or statements by counsel for the plaintiff in error in their brief that such acknowledgement was signed after the certification of the bill of exceptions cannot be received by this court. *Ginn* v. *Ginn,* 202 *Ga.* 292 (2) (42 S. E. 2d 923).

*Writ of error dismissed.   Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 19, 1960.

*Dorothy Atkins, Ben S. Atkins,* for plaintiffs in error.
*Sam P. Burtz, Solicitor-General,* contra.