## 39817. NEWMAN v. AMERICAN INSURANCE COMPANY et al.

FELTON, Chief Judge. 1. "Service of the bill of exceptions, or due and legal waiver or acknowledgment of service, is essential to give this court jurisdiction of the cause." *Izlar v. Central of Ga. R. Co.*, 162 Ga. 558 (134 SE 315) ; *Hampton v. State*, 100 Ga. App. 195 (1) (110 SE2d 559) ; *Scott v. State*, 214 Ga. 860 (108 SE2d 692) and cit.

2. "Service of a bill of exceptions before it is certified by the trial judge is no service." *Hampton v. State*, 100 Ga. App. 195 (1), supra.

3. "Counsel for a party may acknowledge service and waive all defects in the service of a bill of exceptions before it is certified by the trial judge under the *Code* § 6-912, but unless such acknowledgment and waiver are made the bill of exceptions must be served after it has been certified by the judge and in the manner provided by law [i.e., under *Code Ann.* § 6-911]." *Bush v. Smith*, 77 Ga. App. 329 (1) (48 SE2d 582) ; *McGreggor v. W. L. Florence Const. Co.*, 208 Ga. 176 (1) (65 SE2d 809) and cit.; *Carnes v. Pittman*, 209 Ga. 639, 642 (74 SE2d 852) ; *LeBlanc v. Jolly*, 92 Ga. App. 642 (89 SE2d 681).

4. The only entry on the bill of exceptions in this case, which is claimed to be an acknowledgement or waiver of service, is a handwritten statement immediately following the signature of the plaintiff in error at the end of the bill of exceptions and preceding and bearing the same date as the judge's certification. This entry is as follows: "Copy of foregoing received September 8, 1962, Gould B. Hagler, Attorney for employer and insurer." In numerous cases the appellate courts of Georgia have dismissed writs of error where the purported acknowledgment or waiver of service was expressed with more elaboration than in the present case. See *Parker v. Parker*, 208 Ga. 190 (65 SE2d 794) ; *Statham v. Saxon*, 210 Ga. 369 (80 SE2d 182) ; *Tanner v. State*, 214 Ga. 859 (108 SE2d 703) ; *Scott v. State*, 214 Ga. 860, supra; *Universal C.I.T. Credit Corp. v. Johnson*, 100 Ga. App. 754 (112 SE2d 280) ; *Cauley v. Godwin*, 102 Ga. App. 413 (116 SE2d 535).

As was pointed out in *Carnes v. Pittman*, 209 Ga. 639, 641, supra, the entry in the *Parker* case did not contain (as it does not in the instant case) the language, "service of the above and

64

foregoing bill of exceptions acknowledged," or any similar language, nor was there any acknowledgment of "service" or any "waiver" of service. On the other hand, such language is used in all the cases in which the acknowledgment or waiver of service has been held to be sufficient. See *Carnes v. Pittman,* supra, (1); *Perry v. Smith,* 91 Ga. App. 538 (1) (86 SE2d 345); *Bible v. Allday,* 93 Ga. App. 231 (4) (91 SE2d 306); *Parks v. Columbia Loan Co.,* 100 Ga. App. 239, 241 (1) (110 SE2d 777); *Lightfoot v. Southeastern Liquid Fertilizer Co.,* 102 Ga. App. 512 (1) (116 SE2d 651), citing *Stewart Oil Co. v. Schell,* 212 Ga. 459 (93 SE2d 700).

Under the above authorities, the entry in the case at bar is insufficient to constitute acknowledgment or waiver of service under *Code Ann.* § 6-911. Without deciding the point, the most it might possibly be is a waiver of notice of presentation to the trial judge under *Code Ann.* § 6-908.1, which would still not be a compliance with *Code Ann.* § 6-911, which is essential to give this court jurisdiction. *Branham v. Branham,* 209 Ga. 373 (72 SE2d 713); *Barbaree v. Coffin,* 212 Ga. 370 (92 SE2d 860) and cit., *Scott v. State,* 214 Ga. 860, supra.

There being no return of service nor acknowledgment or waiver thereof on the bill of exceptions, the motion to dismiss the writ of error is therefore granted and the writ is

*Dismissed. Bell and Hall, JJ., concur.*

Decided November 28, 1962.

*Joe Hill Smith,* for plaintiff in error.
*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* contra.