22281. HILL v. STARLING, Warden.

ARGUED JANUARY 13, 1964—DECIDED FEBRUARY 11, 1964.

*Hugh G. Head, Jr., H. Garland Head, III,* for plaintiff in error.

*Dickson Adams,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the order of the trial court setting aside, on certiorari, an order of the Ordinary of Upson County discharging the plaintiff in error from the custody of the defendant in error in a habeas corpus proceeding.

The defendant in error has moved to dismiss the writ of error on the ground that neither he nor his counsel was served with a copy of the bill of exceptions as provided in *Code* § 6-911 (1), as amended (Ga. L. 1953, Nov. Sess., pp. 440, 456). That section provides: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney; and, if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served. Where there is no acknowledgment

or waiver of service, the return of such service may be either in the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service indorsed upon or annexed to the bill of exceptions or cross bill."

The only entry of service in the bill of exceptions is: "I have this day served the foregoing retendered bill of exceptions with the judge's certificate thereto and order thereon upon defendant in error by leaving a copy of each with Mrs. Betty Huckaby at 3:03 p.m., in the offices of counsel for defendant in error in Thomaston, Georgia, this the 4th day of October, 1963. H. Garland Head, III, of counsel for plaintiff in error."

Under the provisions of *Code Ann.* § 6-911 (1) service of the bill of exceptions or due and legal waiver or acknowledgment of service is essential to give this court jurisdiction of the cause. *Mauldin v. Mauldin,* 203 Ga. 123 (45 SE2d 818); *Jones v. Dinkins,* 209 Ga. 272 (71 SE2d 626). Such service must be personal either upon the opposite party or his counsel. *Anderson v. Albany &c. R. Co.,* 123 Ga. 318 (51 SE 342); *South Side Atlanta Bank v. Anderson,* 200 Ga. 322 (2) (37 SE2d 404). In the last cited case this court in a full bench decision dismissed the writ of error where the entry of service on one of the defendants in error recited that service was made by leaving a copy of the bill of exceptions at the office of named counsel for such party. It was there held that such recital of service was insufficient to constitute legal service. The fact that counsel for the defendant appeared in this court by brief and oral argument is insufficient to confer jurisdiction on this court especially where defendant in error has filed a motion to dismiss the writ of error for want of service. *Harper v. Atlanta & W. P. R. Co.,* 204 Ga. 311 (49 SE2d 513).

Since this court is without jurisdiction to entertain a review of this case, the writ of error is

*Dismissed. All the Justices concur.*