22645.   JOHNSTON v. FIRST NATIONAL BANK
OF BRUNSWICK, Trustee.

ARGUED SEPTEMBER 15, 1964—DECIDED OCTOBER 19, 1964.

*Johnson, Meyerson & Montet, Herbert Johnson, Barrie L. Jones,* for plaintiff in error.

*Conyers, Fendig, Dickey & Harris, King & Spalding,* contra.

QUILLIAN, Justice. Upon the case being docketed in this court the bank, defendant in error here, moved to dismiss the bill of exceptions on the ground: "that the bill of exceptions was not served upon The First National Bank of Brunswick, named therein as a defendant in error or its attorneys, nor was service waived." *Code Ann.* § 6-911 (*Code* § 6-911 as amended, Ga. L. 1953, Nov. Sess., pp. 440, 455-56) reads: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney. . . Where there is no acknowledgment or waiver of service, the return of such service may be either in the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service, indorsed upon or annexed to the bill of exceptions or cross bill."

Counsel for Johnston, plaintiff in error here, in oral argument before this court frankly admitted they inadvertently omitted service of the bill of exceptions on the defendant in error or its counsel. However, the plaintiff in error insists the bill of exceptions should not be dismissed because, as he contends, where a bill of exceptions is certified in obedience to a mandamus issued by this court, *Code Ann.* § 6-911 is inapplicable and no service of the bill of exceptions after certification is required. The Code section is explicit in the requirement that the plaintiff in error serve the bill of exceptions on the defendant in error

or his counsel after the same is certified, unless such service be acknowledged or waived. The statute does not exempt from the operation of this rule bills of exceptions certified in compliance with mandamus granted by this court.

It is pointed out in the briefs of counsel that if the trial judge refuses to certify the bill of exceptions in obedience to a mandamus absolute "the cause shall be heard by the appellate court on the exceptions as verified in the petition for mandamus." *Code* § 6-910 (4). In that event there would be no certification of the bill of exceptions and it seems that service after certification would not be possible. However, we do not have such a case before us; for, in the case sub judice, the bill of exceptions was certified. Many cases hold that service of the bill of exceptions in the manner prescribed by *Code Ann.* § 6-911 is mandatory, and in the absence of such service, acknowledgment or waiver of the same this court is without jurisdiction to consider a case brought here by writ of error. *Anderson v. Crawford,* 219 Ga. 781 (135 SE2d 893); *Jones v. Dinkins,* 209 Ga. 272 (71 SE2d 626); *Crane v. Balkcom,* 217 Ga. 288 (122 SE2d 82).

The plaintiff in error further contends that because, as recited in the foregoing statement of facts, counsel for defendant in error was in possession of a copy of the bill of exceptions, and knew its contents, that this court had ordered its certification and was informed by the trial judge on the same day of his certification of the bill of exceptions that he had signed the same, service of the bill of exceptions was unnecessary. This court has held that knowledge of the contents of a bill of exceptions and of its certification acquired by the defendant in error in a manner other than valid service made in conformity with *Code Ann.* § 6-911 does not render unnecessary service as required by that statute. In *Cooper v. State,* 147 Ga. 425 (94 SE 235), it is held: "A motion to dismiss the bill of exceptions, made by the solicitor-general, must prevail in this case. It appears that counsel for the plaintiff in error mailed the bill of exceptions, after it had been duly certified, to the solicitor-general, who, upon receiving it in due course of mail, returned it, stating that he refused to acknowledge or waive service, because the bill of exceptions was

not correct. This was not such a service of the bill of exceptions as is contemplated by the statute. Civil Code (1910), § 6160; *Crow v. State,* 111 Ga. 645 (36 SE 858); *Albritton v. Tygart,* 139 Ga. 231 (77 SE 28)." An especially strong pronouncement of the rule is found in *Grady v. Barden,* 53 Ga. 553. We have similar holdings in *Harper v. Atlanta & W. P. R. Co.,* 204 Ga. 311 (49 SE2d 513), and *Hill v. Starling,* 219 Ga. 688 (135 SE2d 338).

It will be noticed, moreover, that in the present case the fact of the defendant in error's knowledge that the bill of exceptions had been certified does not appear from the record. In *Ginn v. Ginn,* 202 Ga. 292 (42 SE2d 923), it is held: "A bill of exceptions must be served upon the defendant in error with a return of such service or acknowledgment of service indorsed upon or annexed to the bill of exceptions. *Code* § 6-911. 'If such acknowledgment of service shall be properly entitled in the cause, it need not be physically attached to the bill of exceptions.' *Code* § 6-912. Where there is no return or acknowledgment of service indorsed upon, annexed to, or accompanying the bill of exceptions, the writ of error must be dismissed. Service can not be shown in the Supreme Court by parol statements of counsel or by producing detached writings purporting to evidence such service. *Akerman v. Neel,* 70 Ga. 728; *Crow v. State,* 111 Ga. 645 (36 SE 858); *Hewell v. State,* 117 Ga. 752 (45 SE 76); *Smith v. Hirsch,* 119 Ga. 514 (46 SE 637); *Brantley v. McArthur,* 132 Ga. 459 (64 SE 326); *Izlar v. Central of Georgia R. Co.,* 162 Ga. 558 (134 SE 315); *Davis v. Gillespie,* 180 Ga. 850 (181 SE 167)." The *Ginn* case makes it clear that the certificate of service must be upon the bill of exceptions, while under *Code* § 6-912 "[i]f such acknowledgment of service shall be properly entitled in the cause, it need not be physically attached to the bill of exceptions." In either event as held in the *Ginn* case it must appear from the record that service was actually made as prescribed by the statute.

*Writ of error dismissed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I fully respect the requirement of service in *Code* § 6-911, as amended (Ga. L. 1953,

Nov. Sess., pp. 440, 456), and the numerous decisions holding that the writ of error when not served as therein required must be dismissed. But I believe *Code* § 6-910 (4) is an exception made by statute, since it authorizes a review even when the judge has not certified, and hence in that event there would be no certified bill of exceptions to serve. If the uncertified bill of exceptions can be reviewed without service, all reason would suggest that one certified at the command of this court could likewise be considered and should not be dismissed.

The only conceivable purpose in serving the bill of exceptions is notice to the opposite party. This is accomplished when counsel for the opposite party resisted as attorney for the judge in the mandamus action; and he is charged with knowledge of the records therein which include the certificate of the judge issued at the command of this court.