### 41216.   BALDWIN et al. v. McSHANE et al.

PER CURIAM: Counsel for the defendants in error have by motion raised the issue that there has been no legal service of the bill of exceptions in this case and for that reason the Court of Appeals does not have jurisdiction of the writ of error. The bill of exceptions, shows the following: "The undersigned, attorney[s] of record for the defendants in error in the foregoing bill of exceptions, approve said bill of exceptions as correct and complete as to the averments of fact set out therein. We further waive and renounce notice of presentation to the judge for his signature, the signing of same by

the judge trying the case, etc. This the 12th day of January, 1965." The language of the waiver clearly shows that it was signed prior to the presentation to the judge for certification. "This waiver of notice prior to presentation to the trial judge for certification, in compliance with *Code Ann.* § 6-908.1, does not dispense with service of the bill of exceptions, or waiver thereof, as required by *Code* § 6-911, as amended by Ga. L. 1953, Nov. Sess., pp. 440, 456. There is no return of service, or acknowledgment or waiver thereof, on the bill of exceptions, and this court has no jurisdiction of the writ of error." *Maloney v. Balkcom,* 214 Ga. 194 (104 SE2d 127); *Newman v. American Ins. Co.,* 107 Ga. App. 63 (129 SE2d 211).

We have no choice. The writ of error must be

*Dismissed. Bell, P. J., Frankum and Hall, JJ., concur.*

SUBMITTED MARCH 3, 1965—DECIDED JUNE 17, 1965.

*Scott & Bouwsma, R. C. Scott,* for plaintiffs in error.
*Kimzey & Kimzey, Herbert B. Kimzey,* contra.